## FRIEND ADAMS *vs.* PETER JACKSON.

*Dubitatur*, whether the word *"sworn,"* annexed by a town clerk to his record of the appointment of a first constable *and* collector, is not sufficient evidence to prove, that such constable was legally sworn *as constable.*

Where third persons are interested in the acts of publick officers, proof that they are reputed to be such, or that they have acted as such, is sufficient, without the production of evidence of their appointments. And officers duly appointed and commissioned, are presumed to have taken the regular oaths.

This rule is applicable to the proof of vendue titles to lands, derived from sales under general laws, by the ordinary officers of the government.

THIS cause came before the Court on a motion by the plaintiff, for a reversal of the judgment of the county court, and for a new trial, founded on exceptions taken at the trial, and certified up, as follows:

This was an action of ejectment, to recover the seizin and peaceable possession of a certain tract of land, lying in the town of Addison, being part of lot of No. 160, of the second division of the right of *Christopher Holmes.* Plea, the general issue.

The plaintiff claimed the title to said premises, by a deed of the sale thereof at publick vendue, under "An act assessing a tax of one cent on each acre of land in this state, for the purpose of

*Addison,*
January,
1827.

*Adams
vs.
Jackson.*

defraying the expenses of government," passed Nov. 9, 1812, and read as evidence tending to prove his title thereto, a deed of the premises executed by one *William Whitford*, as first constable of the town of Addison, to the plaintiff, reciting the sale of said premises in conformity to said act. The plaintiff also offered as evidence, tending to prove the appointment of the said *Whitford* as first constable of said Addison, and also as evidence which would be competent for the jury to presume the fact of the said *Whitford* having been duly sworn to that office, the record of the proceedings of the annual March meeting, for the appointment of town officers, holden in Addison, A. D. 1812, in which record of said appointment of town officers is recorded, in the hand writing and under the certificate of the clerk of said town of its being a true record, the following words, viz. "Voted, that *William Whitford* be first constable and collector : *sworn.*"

The defendant objected to this evidence being read to the jury, upon the ground that the record was imperfect to show that said *Whitford* was duly sworn *as first constable* of said town, and that it was not proper the jury should presume that fact, from any thing appearing in said record as aforesaid.

The court decided, that the record aforesaid did not show, that *William Whitford*, as constable as aforesaid, was duly sworn to that office as the law directs, and that the record, as it appears as aforesaid, was not proper evidence to pass to the jury, for them to presume the fact of said *Whitford* being duly sworn to the office of constable as aforesaid. To which decision of said court the plaintiff excepted, &c.

The cause was argued. The counsel for the plaintiff citing 3 *Johns. R.* 431.—7 *ib.* 549, and 15 *Mass. R.* 170, and

The counsel for the defendant citing 5 *Mass. R.* 427, and 11 *ib.* 477.

The opinion of the Court was pronounced by

SKINNER, Ch. J. It seems to have been taken for granted, on the trial, that it was necessary for the plaintiff to show, that the first constable, under whose deed he claimed the lands in question, was duly appointed and sworn as such officer, and the town record was rejected by the court, as being insufficient for that purpose.

If it was incumbent on the plaintiff to prove the appointment of the constable, and that he was sworn, I should doubt the correctness of the decision of the county court. The records of the town clerks generally, in the state, are thus made, I conclude ; but as we are not disposed to decide the case upon that point, there is no necessity of particularly examining the question.

A verdict was taken for the defendant upon the principle, that the plaintiff must show the appointment of the officer, and that he was sworn. In this the proceeding was erroneous. Where third persons are interested in the acts of publick officers, proof that they are reputed to be such, or that they have

*Addison*,
January,
1827.

Adams
*vs.*
Jackson.

acted as such, is sufficient, without the production of evidence of their appointments, and officers duly appointed and commissioned are presumed to have taken the regular oaths.

In *Berryman* vs. *Wyse*, 4 *T. R.* 366, *Buller*, justice, says, in the case of all peace officers, justices of the peace, constables, &c. it is sufficient to prove, that they acted in those characters, without producing their appointment. The same doctrine is held by *Lord Kenyon*, in the case of *Cross* vs. *Very*, 6 *T. R.* 663. In the case of the *King* vs. *Verelot*, 3 *Camp.* 433, which was an indictment for perjury in an answer to an allegation in the ecclesiastical court, the question was, whether it was necessary for the prosecutor to prove the appointment of the officer administering the oath. And *Lord Ellenborough* says, "I think the fact of Doctor *Parson* having acted as surrogate, is sufficient *prima facie* evidence that he was duly appointed, and had competent authority to administer the oath. I cannot for this purpose, make any distinction between ecclesiastical courts and other jurisdictions. It is a general presumption of law, that a person acting in a publick capacity, is duly authorized so to do."

In the case of *U. States* vs. *Batchelder, Justice Story* held, that an officer of the customs duly commissioned, and acting in the duties of his office, is presumed to have taken the regular oaths. In the case cited from 7 *Johns.* 549, the acts of one who has not taken the oath of office required by law are held valid as far as the rights of third persons or the publick are concerned. The court say he is an officer *de facto*, since he came to his office by colour of title; and it is a well settled principle of law, that the acts of such persons are valid, when they concern the publick or the rights of third persons.

In the cases relied upon by the defendant, from Massachusetts, the officers themselves were attempting to justify, and in those cases it was rather conceded than decided, that it was incumbent on them to make it appear they were sworn. The whole current of modern authorities clearly supports the principle, that where the interest of third persons is concerned in the acts of one who comes to an office by colour of right, is such by reputation, or is what is denominated an officer *de facto*, having acted as such, his doings are *prima facie* valid.

It is contended, that where a title to lands is attempted to be made by virtue of sale at vendue, courts have held the party to proof of a compliance with every requisition of the law, and nothing will be presumed to favour such claim, either as to the proceedings of the officer or his qualifications.

Such, it is true, have been the decisions, where the title depends upon a sale made under a special act of the legislature, and the collector who makes the sale is the instrument appointed by the act for that purpose. But the case now before us, is one in which the acts of a reputed publick officer of the government are called in question, and there is nothing to distinguish it in principle from a case in which, for the collection of the ordinary state, county, or town taxes, a horse or other personal

chattel shall have been sold at auction : both are alike ordinary acts of the officer.

  Judgment of the county court reversed, and the cause remanded for a new trial.

*Noah Hawley* and *R. B. Bates*, for the plaintiff.

*E. D. Woodbridge* and *S. S. Phelps*, for the defendant.