GEORGE M. MASON vs. DANIEL LAWRENCE.

Where a jury, in an action on book before a justice of the peace, returned a verdict that the defendant did not assume and promise, which was accepted by the court, and a judgment rendered thereon, it was held that the informality of the verdict was not a ground for an *audita querela.*

If necessary, the court may order an informality, like the one above mentioned, to be corrected, and the verdict to be recorded in proper form.

This was an *audita querela*, in which the plaintiff alleged that he brought an action against the defendant on book, before a justice of the peace, demanding ten dollars damages ; that a jury was impannelled to try the cause, who returned a verdict that the defendant did not assume and promise ; that the plaintiff objected to the verdict and moved the justice to set it aside, on the ground that it did not find the issue between the parties ; that the justice decided not to accept the verdict, dismissed the jury, and continued the cause to a future day for trial ; that the plaintiff thereupon retired from the court, and in his absence the justice entered up judgement on the verdict, and issued execution against him for the defendant's costs.

On the trial in the county court, the plaintiff gave evidence tending to prove that the cause was continued, and the defendant gave evidence tending to show that there was conversation about a continuance, but no continuance granted. The court instructed the jury, that the verdict, though informal, was sufficient for the justice to render judgement upon, and if they found that no continuance was granted, their verdict would be for the defendant. And if they found that the justice had expressed an *opinion to* grant a

CALEDONIA,
March,
1829.

Mason
vs.
Lawrence.

continuance, and the plaintiff retired before any day was fixed upon, leaving the justice deliberating upon the matter, and the justice, while the parties were yet at the house, concluded to accept the verdict and render judgement, and gave notice thereof to the plaintiff, who refused to attend, the plaintiff's complaint was not supported. The jury returned a verdict for the defendant.

The plaintiff excepted to the charge of the court and removed the case to the Supreme Court on a motion for a new trial.

*Cushman and Shaw, for the plaintiff.*—1. The jury found a fact not in issue, and it is insisted that the verdict would not warrant the court in rendering judgement upon it. In the county court, where the pleadings and verdict are required to be in writing, there is no doubt but that a verdict of *non assumpsit* in an action on a bond, or in trespass or trover, would not authorize the court to render a judgement. The jury would be directed to correct their verdict. The same reason exists in relation to a verdict of a jury in a justice's court, if the verdict be in writing. The justice is required to keep a full record of the proceedings in his court, and all verdicts, as well as judgements, in the course of those proceedings, are spread upon the record. If such a verdict, therefore, would not warrant a judgement in the county court, it is believed there was the same difficulty in the present case.

2. The justice had expressed an opinion that the cause would be continued, and the plaintiff had left the court. The " opinion of the court," the "judgement of the court," the " determination of the court," are synonymous expressions. It was determined that the cause should be continued, and if the determination of the court has any validity or effect, the cause *was* continued, and, without the consent of both parties, the justice's controul over the cause or the parties to it, was *ipso facto* suspended. He had, then, no right to recall his determination, for it had been not only made, but published, and in contemplation of law, entered of record. There was, therefore, a record to be altered, as well as a determination to be changed.

3. The plaintiff was sick and unable to return to the place of trial, or, at least, the testimony tended to prove that fact, and if it really existed, the notice to him that the court would proceed to render judgement, would not affect his rights. If we are correct in this position, it was the duty of the county court to instruct the jury upon this point. It would be manifestly unjust for a court to determine upon the continuance of a cause, and dismiss one of the parties, and then, without notice to that party, or with a notice that, from the circumstances of the case, could not be of any

CALEDONIA,
March,
1829.

Mason
vs.
Lawrence.

benefit to him, proceed and render a judgement against him.—— Nor is it material that the judgement was supported by the merits of the case, for even then, the party would have had a right to be present at the taxing of the cost.

*Paddock, for the defendant.*—The oath of the jurors is, "that they will not converse, &c. until after they have surrendered up their verdict in court." In this case the jurors had returned their verdict into court before conversing, and if they had not, the party is not to be punished for the fault of the jury.

As to the verdict, there is no general issue in an action on book, and substantially an action on book is an action of assumpsit, and the verdict was well enough.

There was a conversation about a continuance, but the justice made no special bargain in the case ; on the contrary, to accept, or return the jury to a second consideration, was all he could do ; it was exercising his judgement in a matter of discretion.

Notice to the plaintiff was given by the justice of his intention to accept the verdict, and if the plaintiff had been too indisposed to have come out of an adjoining room, yet he was there, and made all his objections on the coming in of the verdict. Defendant had a right to a judgement on the verdict, if there was not any better reason against it than that the plaintiff was too unwell to attend to hearing it. It would be a very easy way of getting rid of a verdict if such reasons were sufficient.

PRENTISS, J. delivered the opinion of the Court.—The informality of the verdict in the original action, can form no ground for an *audita querela*. It is declared by statute, that no judgment, rendered by a justice of the peace on the merits of any civil action, shall be removed, by a writ of error, *certiorari,* or any other process whatever ; or shall be re-examined or reversed by the Supreme Court. If we were to regard such informalities as the one complained of in this case, as a ground for an *audita querela*, we should not only extend this remedy beyond the limits assigned it by the common law, but allow it to have an effect and operation in violation of the intention of the statute referred to. Proceedings in suits before justices of the peace are not conducted with much regard to formality ; and the consequence would be, that there would be few judgements, rendered by them, that would not be set aside by this process. In practice, the pleadings and proceedings, except the writ, are all *ore tenus*, and the substance of them only is stated in the record of the judgement. But the *verdict* in the original action, though informal, might be considered by the

CALEDONIA,
March,
1829.

Mason
vs.
Lawrence.

justice as tantamount to a finding that the defendant was not indebted, or that there was nothing due from him to the plaintiff, and sufficient to authorize a judgement in favor of the defendant for his costs. If necessary, the justice might have corrected the verdict and recorded it in proper form ; but it would have been improper for him, after a trial of the merits, to have treated it as a void proceeding, and ordered a new trial by another jury.

It must be considered that the jury in the court below, under the instruction given them, found that although the justice expressed an opinion in favor of a continuance of the original action, no day was fixed upon, and after further deliberation upon the matter, and while the parties still remained at the place where the court was holden, he concluded to accept the verdict, and render judgement for the defendant, and gave notice of his determination to the plaintiff. On these facts it is manifest, that there was no adjournment of the cause. Neither was there any irregularity in the proceeding of the justice, or any injustice done to the plaintiff; and having been deprived of no right, the plaintiff has no ground of complaint.

Judgement affirmed.

*Cushman* and *Shaw*, for the plaintiff.
*Paddock*, for the defendant.