Foster *v*. Estate of Caldwell.

---

᠁᠁

### JACOB FOSTER *v*. ESTATE OF IRA CALDWELL.

The county court have power to correct any informality in a verdict, even after the jury are discharged.

This was *assumpsit* upon a warranty of soundness, and the general issue was pleaded; the jury returned a verdict of "guilty," and the county court, after the jury were discharged, permitted the verdict to be amended by striking out the word "guilty" and inserting the words "did assume and promise;" and it was held that herein there was no error.

A review is not allowed, in the county court, in a case appealed from the decision of the probate court in accepting a report of commissioners upon an insolvent estate.

A simple *affirmation* of the soundness of property sold will not, in legal effect, constitute a contract of warranty, unless it was so *intended* and was so understood by the parties at the time; and what was *intended* by an affirmation is a question of fact, to be submitted to the jury.

APPEAL from the decision of the probate court, accepting the report of commissioners disallowing the plaintiff's claim.   The plaintiff alleged in his declaration, in substance, that he purchased of Caldwell, in his life time, a number of sheep, and that Caldwell, by

falsely and fraudulently warranting the sheep to be sound, and free from the disease called the foot rot, sold the same to the plaintiff; and the plaintiff averred, that the sheep were not sound, and free from said disease, and that Caldwell deceived the plaintiff in the sale, and that the plaintiff had suffered special damage thereby; but it was not alleged, that Calwdell knew that the sheep were unsound. Plea, the general issue, and trial by jury,—BURT, assistant judge of Franklin county court, presiding.

On trial the plaintiff introduced testimony, tending to prove, that, at the time of the sale, he asked Caldwell if the sheep were sound and free from the foot rot, and that Caldwell replied, that the sheep were sound, and free from the foot rot, and that he never had the foot rot on his farm. The plaintiff also gave testimony tending to prove, that the sheep had been disordered before the sale; that some of them became lame, while he was driving them home, and soon after died; and that during the summer following others died, and the disease subsequently prevailed throughout the plaintiff's flock of sheep, including many not purchased of Caldwell, and which had not been before infected. It did not appear, that Caldwell, in his lifetime, had any knowledge that the disease existed among the sheep; and testimony was introduced by the defendant, tending to prove that the plaintiff examined the sheep, both before and at the time of the sale.

The counsel for the defendant requested the court to charge the jury, that a simple representation, by Caldwell, of the quality or condition of the sheep, if made in good faith, would not enable the plaintiff to sustain this action. But the court instructed the jury, among other things, that, to constitute a warranty, it was not necessary that the word "warrant" should be used; that any form of words, which amount to an assurance, which the purchaser can and does rely upon, that the article is sound, will constitute a warranty; and that if, in this case, Caldwell, on being asked by the plaintiff whether the sheep were sound and free from the foot rot, replied, "they are sound and free from the foot rot," or, "I know they are sound and free from the foot rot," it would amount to a warranty.

The jury returned a verdict, that the defendant "is guilty" in manner and form as alleged; and, after the panel had been dismissed, the plaintiff moved to amend the verdict, by striking out the words
23

"is guilty," and inserting the words "did assume and promise." To this amendment the defendant objected, but it was allowed by the court, and judgment was rendered for the plaintiff upon the amended verdict.

After judgment the defendant moved for leave to enter a review of the action; but the court overruled the motion. Exceptions by defendant.

*Hunt & Nutting* for defendant.

1. The defendant insists, that there is a wide difference between an *affirmation*, or statement, of the quality, or condition, of the thing sold, if made in good faith, and a *warranty* of such quality and condition; and that this distinction has been kept in view from a very early day, and through an extensive course of legal decisions. *Harvey* v. *Young*, Yelv. 20. *Chandler* v. *Lopus*, Cro Jac. 4. *Jendwine* v. *Slade*, 2 Esp. R. 570. *Seixas* v. *Woods*, 2 Caine 48. *Swett* v. *Colgate*, 20 Johns. 196. *Emerson et al.* v. *Brigham et al.*, 10 Mass. 197. *Holden* v. *Dakin*, 4 Johns. 421. *Sands* v. *Taylor*, 5 Johns. 395. *Thompson* v. *Ashton*, 14 Johns. 316. *Ex'rs of Evertson* v. *Miles*, 6 Johns. 138. *Bayard* v. *Malcolm*, 1 Johns. 353; 2 Johns 550. *Prosser* v. *Hooper*, 1 Moore 106; 4 E. C. L. 389. 1 Aik. 269. 8 Cow. 25. 19 Johns. 296. The rule, that whatever a seller represents, at the time of sale, is a warranty, has no application to a case like this. That rule has been applied, when a commodity has been sold by sample, and the seller affirms that the bulk is equal to the sample; *Oneida Manf. Soc.* v. *Lawrence*, 4 Cow. 440; *Sands* v. *Taylor*, 5 Johns. 395; *Parkinson* v. *Lee*, 2 East 314; or where a manufacturer sells articles of his own manufacture, and affirms them to be fit for a particular purpose; *Jones* v. *Bright*, 5 Bing. 533. The true principle, however, as it has been settled in this State, is, to refer it to the jury to say, under all the circumstances of the case, whether the seller intended to warrant the articles, and whether the buyer supposed he had obtained a warranty. *Chapman* v. *Murch*, 19 Johns. 290. *Duffee* v. *Mason*, 8 Cow. 25. *Beeman* v. *Buck*, 3 Vt. 53.

2. The court erred in amending the verdict. The declaration is clearly in case; the word promise is not used, nor is there an averment, that Caldwell assumed any obligation; and the bill of ex-

Foster *v.* Estate of Caldwell.

*ceptions shows*, that the proper general issue was pleaded, which must have been "not guilty." The court, then, could not change the form of action.

3. The defendant was entitled to a review. Rev. St. 160, § 9; 280, § 21.

*H. R. & J. J. Beardsley* for plaintiff.

1. Whether the charge of the court was correct, or not, depends upon the question, whether the words used by Caldwell, at the time of the sale, in their ordinary import, amount to a warranty. We insist, that those words do import a promise, or undertaking, that the sheep were sound, and free from the foot rot, and not a mere expression of opinion. In *Cramer v. Bradshaw*, 10 Johns. 495, the words " being of sound wind and limb, and free from all disease " were holden to amount to an express warranty. See, also, *Roberts v. Morgan*, 2 Cow. 438; *Wood v. Smith*, 19 E. C. L. 267; 19 E. C. L. 255; *Waterman v. Baxter*, Franklin Co., Jan. T. 1836. Granting, however, that the words used do not absolutely constitute a warranty, still it is insisted that the charge was correct. The import of the charge is, that language used by the seller, which amounts to an assurance, promise, or undertaking, which the purchaser relies upon, that the article is sound, amounts to a warranty; and that, if the words used by Caldwell (in the opinion of the jury) imported an assurance, or promise, that the sheep were sound and free from the foot rot, it would amount to a warranty. It is difficult to perceive, how, with the qualification given by the court, the language used by Caldwell could import any thing else than a warranty. 2 Stark. Ev. 901. *Chapman v. Murch*, 19 Johns. 290. *Duffee v. Mason*, 8 Cow. 25.

2. There is no doubt, that the court properly ordered the verdict to be amended. It is a matter of universal practice, and based upon acknowledged authority. *Clark v. Lamb*, 8 Pick. 415. 6 Pick. 512. 3 Pick. 348. 4 Pick. 444. 2 Vt. 560.

3. It is not easy to perceive, what rule of construction of the statute (Rev. St., c. 25, § 9) will authorize a review in such a case as this. The decisions under the statute of Massachusetts, which, in some of its features, is similar to that of this State, show clearly that this case is not reviewable. *Borden v. Brown*, 7 Mass. 93. *Pope v. Pope*, 4 Pick. 129.

The opinion of the court was delivered by

BENNETT, J.  We think there was nothing improper, in the court's permitting the form of the verdict to be amended.  This action is brought upon a contract of warranty, and no recovery could have been had, without proof of the contract.  There is no allegation of a *scienter* in the declaration, and consequently there can be no recovery, upon such a declaration, for a deceit, notwithstanding the declaration is, in form, in case for a false warranty.  It appears that the jury returned a verdict of " guilty, " and that the court, on motion, after the panel was dismissed, permitted the verdict to be amended.  The bill of exceptions shows, that the general issue was pleaded by the defendant; but we do not find upon the records any plea in fact put in.  We presume, however, that the plea was *non assumpsit,* and that the amendment of the verdict was made to meet the issue joined between the parties.

Any mistake of the clerk, in entering up a judgment, or in the form of a verdict, may well be amended.  In the case of *The Commonwealth* v. *Judd et al.,* 2 Mass. 334, the verdict in a criminal case was amended, by inserting the words " in manner and form as set forth in the indictment. "  So in 1 Dallas, 134, a verdict, in an action of ejectment, for one half of the premises, and nothing said as to the remainder, was amended by adding " and for the residue they find for the defendant. "  In *Warren* v. *Adm'r* of *Henshaw,* 2 Aik. 145, a general verdict in an action of ejectment was corrected by the Supreme Court, it appearing, by the bill of exceptions, that the defendant had an interest in the premises.  The objection to the verdict, as returned by the jury, in this case, must have been as to its form ; and the court must possess the power to correct such informality.  See *Mason* v. *Lawrence,* 2 Vt. 560.  If, in an action of assumpsit, the defendant pleads *not guilty,* and issue is joined thereupon and found for the plaintiff, though it is an issue *misjoined,* yet he shall have judgment.  1 Jac. Law Dict. 88.  This informality is aided by the statute of amendments.

The review was properly denied in the county court.  This case came to the county court by an appeal from commissioners.  In cases of appeal no review is allowed, except in some special cases, where there is an express statute provision giving it.  There is none, giving a review in cases appealed from commissioners.

The more important question, in this case, arises upon the charge of the court. The jury were instructed, that an *affirmation*, that the sheep *were sound* and *free from the foot-rot*, in legal effect, constituted a contract of warranty. Will the adjudged cases sustain such a proposition? We think not. No express form of words is necessary, to constitute a warranty; but to constitute an *affirmation*, made at the time of the sale, a warranty, it must appear to have been so *intended* and understood, and not to have been the expression of mere matter of opinion. The sense, in which an affirmation was *intended*, cannot be matter of law, but should be submitted to the jury. See *Seixas* v. *Woods*, 2 Caine 56; *Beeman* v. *Buck*, 3 Vt. 53; *Chapman* v. *Murch*, 19 Johns. 290; Cow. & Hill's Notes to Ph. on Ev., Part. 1, p. 512. Unless it appears, that the words of affirmation were *intended* and *understood* by the parties as a contract of warranty, they should be treated as the mere expression of opinion. *Sweet* v. *Colgate*, 20 Johns. 203. 3 T. R. 57. This is according to the whole current of authorities.

We think, then, that it was error for the court to assume, as matter of law, that the words proved on trial created a warranty. The charge of the court is explicit on this point, and cannot be said, as has been argued, to have been qualified in a subsequent part of it. The case of *Cramer* v. *Bradshaw*, 10 Johns. 484, relied upon by the plaintiff, to say the least of it, is, in my opinion, questionable authority. How the words of recital in a bill of sale, " *being of sound wind and limb and free from all disease*," should constitute an express warranty of soundness, is not readily comprehended. It appears to me far more rational, to treat them as a mere representation, descriptive of the qualities of the property transferred. It is a *per curiam* case, and appears not to have been much considered. The case of *Wood* v. *Smith*, 4 C. & P. 45, [19 E. C. L. 267,] is also much relied upon by the plaintiff. In that case the defendant, upon the sale of a horse, said to the purchaser, that " he was sound for anything he knew of; " and upon being inquired of if he would *warrant* him, he replied, that *he would not warrant anything ;* yet it was held, that this was a *limited warranty* of soundness, that is, *as far as the defendant knew*, and that assumpsit would lie, if the horse was unsound, and the seller knew it. It appears to me, that in this case the purchaser's remedy should have been by an action for a *deceit* by

false representation.    The refusal of the defendant " to warrant any thing," it would seem, should qualify the words which preceded, and make them, as they in fact are, but words of *affirmation.*

In the case cited from Cowen's Reports, *Roberts* v. *Morgan,* the plaintiff said to the defendant, that he would not exchange horses, unless the defendant would *warrant* his; whereupon the defendant replied, that " he was sound, except a bunch upon his leg ; " and thereupon the trade was made.    In this case the declaration of the plaintiff, that he would not trade, unless the defendant would *warrant* his horse sound, was material, in showing how the defendant's reply should be understood, though upon the face of it but words of affirmation.    I readily concede, that it is quite apparent, in that case, that the parties understood the language used as creating a contract of warranty, and acted accordingly.

Upon the whole, we think, upon this last point, that there was error, and that the judgment of the county court must be reversed.