JOSEPH HOEY *vs.* JOSEPH CANDAGE.

*Variance. Evidence, parol. Verdict—amendment of.*

In an action of trover the defendant justified under a mortgage bill of sale of the property alleged to have been converted by him, given by plaintiff to the firm of which the defendant was a member, with condition that it should be void if the mortgagor should save the mortgagees harmless in consequence of having signed with him a note dated June 12, 1868, for $550, payable Nov. 10, 1868, to the Net & Twine Co., of Boston; and offered to prove payment by said firm of a note signed by the plaintiff, dated May 28, 1868, for $556, payable in four months to the American Net & Twine Co. at any bank in Boston; it was *held,* that the note was inadmissible without proof of its identity with that described in the mortgage, but that it was competent to prove such identity by parol evidence in such cases.

A verdict is an action of trover "that the defendant did promise," etc., may be amended by substituting the words "is guilty" for "did promise."

ON EXCEPTIONS AND MOTION to set aside the verdict as against the law and the evidence.

This was an action of trover, tried at the September term, 1871.

Plea, not guilty, with a brief statement denying plaintiff's ownership of the chattels named in the writ, and setting up a conveyance of them long before suit brought to Joseph Candage & Company.

The verdict returned by the jury was "that the defendant did promise in manner and form as the plaintiff has declared against him," with an assessment of damages.

The defendant filed a motion for a new trial on the ground that the verdict was against the law and the evidence and was not in accordance with the issue joined, and also filed exceptions to the ruling of the presiding judge in excluding certain testimony offered by him, the facts in relation to which are sufficiently stated in the opinion.

At the March term, 1872, the plaintiff moved that the error in the form of the verdict be corrected by striking out the words "did promise" and inserting in lieu thereof the words "is guilty." The motion was allowed and the defendant again filed exceptions.

*Hale & Emery* and *D. N. Mortland*, for the defendant.

The defendant should have been allowed to prove title to the property, jointly or severally, generally or specially, for a lien or otherwise, in himself; or paramount title in a stranger.  2 Greenleaf on Ev., § 648 ; *Ames* v. *Palmer*, 42 Maine, 197 ; *Parsons* v. *Tinker*, 36 Maine, 384; *Kilgore* v. *Wood*, 56 Maine, 150 ; *Fairbanks* v. *Phelps*, 22 Pick. 538.

There was no question that, about the time mentioned in the brief statement, Joseph Candage & Co. signed a note for and with the plaintiff to the American Net & Twine Company, and that the note offered in evidence was the one so given and the one intended to be secured by the mortgage.  The action was not on the mortgage and plaintiff was bound to show his right to immediate possession.  1 Greenleaf on Ev., § 74 ; 42 Maine, 197 ; *Elwell* v. *Gillis*, 14 Maine, 72 ; *Clapp* v. *Glidden*, 39 Maine, 448 ; *Vining* v. *Baker*, 53 Maine, 544 ; *Winship* v. *Neal*, 10 Gray, 382.

The amendment of the verdict was not allowable as it is now a different verdict from the one really rendered by the jury. *Bucknam* v. *Greenleaf*, 48 Maine, 394, and cases there cited. *Blackley* v. *Sheldon*, 7 Johns. 32 ; Woodfall's case, 5 Burr. 2667.

The jury should find the issue joined for or against the party tendering it. *Holmes* v. *Wood*, 6 Mass. 2.

*Gould & Moore*, for plaintiff.

1. The note offered did not agree in any single particular fixing identity with that described in the mortgage ; neither as to date, amount, time, and place of payment, makers or payees ; nor was any evidence adduced to establish the fact of its being the one intended to be secured by the mortgage ; nor any pretense made that it was a renewal of any such note. *Barrows* v. *Turner*, 50 Maine, 127. Testimony to show this note the one intended to be secured by the mortgage would have been inadmissible, the difference between this and the one described was so great. *Jewett* v. *Preston*, 27 Maine, 400. No evidence of a contemporaneous delivery of the mortgage and this note. *Partridge* v. *Swasey*, 46 Maine, 414. Neither *Sweetser* v. *Lowell*, 33 Maine, 446, nor *Bourne* v. *Littlefield*, 29 Maine, 203, nor any of the many cases there cited, afford any parallel to this case.

II. Ordinarily, a mortgage is *prima facie* evidence of right of possession in the mortgagees. *Brooks* v. *Briggs*, 32 Maine, 447 ; *Davis* v. *Mills*, 18 Pick. 394.

But this mortgage is to secure no debt, and is conditioned for a retention of possession by the mortgagor. The defendant, then, was a mere trespasser in taking it, since he did so before he paid the note ; and paid it before maturity.

III. The error in the verdict was one of form, and amendable. *Little* v. *Larrabee*, 2 Maine, 38 ; *Barnard* v. *Whiting*, 7 Mass. 358 ; *Porter* v. *Rumery*, 10 Mass. 64 ; *Clark* v. *Lamb*, 8 Pick. 417 ; *Jones* v. *Kennedy*, 11 Pick. 131 ; *Bates* v. *Schoonover*, 43 Ill. 494 ; *Hall* v. *Williams*, 10 Maine, 283.

BARROWS, J. In 1868 the plaintiff was engaged in the fishing business at Bluehill, and had occasion to purchase a seine upon credit in Boston from the American Net & Twine Co. They required sureties and he applied to the defendant, one of the firm of Joseph Candage & Co., who were in the same business, to sign a a note with him. The members of the firm of Joseph Candage & Co., and one Marks, did sign with him, subscribing their individual names; and the plaintiff gave a mortgage of the property in controversy June 12, 1868, to the firm of Joseph Candage & Co., with proviso that "if the said grantor, his, etc., shall save the said grantees, their, etc., harmless and indemnified from all loss in consequence of having signed with the said Joseph Hoey a certain promissory note of this date for the said sum of five hundred and fifty dollars, payable on the tenth day of November next to the Net & Twine Co., of Boston, then this bill of sale shall be void. Provided also, that it shall and may be lawful for said grantor to continue in possession of said property without denial or interruption by said grantees, until they shall be damaged by the neglect of the grantor in not paying said note." The plaintiff made a partial payment on his note to the American Net & Twine Co., in Boston, in the fall of 1868, and took it up by giving a new note payable in the spring of 1869, with the same signers. Then he went out south and did not return until June, 1869. Before he got back the defendant had taken the mortgaged property and sold it. But, apparently, he had not paid the note to the Twine Co., for the plaintiff testifies, and his version of the matter is left uncontradicted, that he paid the note which was given in renewal of the first note, after his return from the south in June, 1869, by signing another note which was also signed by Joseph and Samuel Candage, and that when he went to pay the last note eight or ten days before it was due, he found it had been paid a month or more previously.

At the trial, the defendant undertook to justify under this mortgage which he offered in evidence. He called for the production of the first note to the Twine Co., and on its production by plain-

tiff's counsel, offered it in evidence. Plaintiff objected to it on the ground that it did not correspond to the note as described in the mortgage. The date was " May 28, 1868," instead of June 12. It was payable " in four months after date," not on Nov. 10, " to the order of American Net & Twine Co., " in place of the Net & Twine Co. of Boston; and was for the sum of $556, instead of $550.

The judge held that there was too great a variance to permit the reception of the note as evidence in that stage of the case. The defendant did not thereupon proceed, as perhaps he might have done, to offer evidence to show that, notwithstanding the plurality of errors in description, the note was in fact the one intended to be secured by the mortgage.

But after drawing out anew from the defendant substantially the same statement of the antecedent circumstances which the plaintiff had previously given on cross-examination, he again offered the note which was rejected, and this is the ruling specially complained of in the first bill of exceptions. The complaint is not well founded.

The form of the ruling when the note was first offered, should have indicated to the defendant that the discrepancies between the note described and the one offered, were too great and too numerous to permit the use of the note in evidence unless they were accounted for.

The plaintiff's counsel now contends that parol evidence could not have been received to establish the identity of this instrument with the one referred to in the mortgage, because it differs in so many particulars. But if the principle is once established, that parol evidence is admissible to show that a note offered in evidence is the one intended to be secured by a mortgage, when it differs from the description in the condition in one or more particulars, we think that the number of mistakes in the description, while, with each addition, it necessarily makes the proof of the fact more difficult, cannot so change the principle as to exclude that kind of evidence. That such evidence is admissible for this purpose, not-

withstanding " a difference in one or more particulars," is settled in this State by the cases of *Bourne* v. *Littlefield*, 29 Maine, 302, and *Sweetser* v. *Lowell*, 33 Maine, 446.

But the exceptions do not show that the defendant offered any such evidence. In its absence · the note was properly excluded. This being done the refusal to permit the defendant to prove the payment of an indebtedness of the plaintiff in Boston, which was not shown to be either the mortgage debt or a renewal of it, followed as a matter of course. · Had the defendant proved that the note was the one intended to be secured by the mortgage, and that he was called upon to pay and did pay a renewal of it, then, to avoid circuity of action, it would have been competent for him to have shown such payment in mitigation of damages, although, upon the facts above rehearsed, he would still have failed to make out a full justification under his mortgage ; because, so far as appears, when he took the property he had not been damaged by reason of the plaintiff's failure to pay the note. For it seems to be pretty well settled that though a mortgagee or pledgee be liable in trover for a tortious sale, or conversion of the goods embraced in the mortgage or pledge, still the amount of the debt should be deducted in assessing the damages. *Byerly* v. *Kendall*, 17 Q. B. 27 ; *Jarvis* v. *Rogers*, 15 Mass. 389 ; *Hunt* v. *Harbell*, 24 Maine, 339 ; *Briggs* v. *Boston & Lowell R. R. Co.*, 6 Allen, 247.

.But this species of recoupment can be had only when the defendant has a legal or equitable interest in or a lien upon the specific goods in controversy, and for the amount only of the debt which they are held to secure ; for any independent demand which the defendant might have against the plaintiff must be made the subject of another suit and could not be thus used as an offset, *pro tanto*, in an action of trover. If the defendant has paid the plaintiff's debt under such circumstances as will give him a right of action against the plaintiff, his remedy must now be sought in a cross-action.

Must the verdict be set aside as not responsive to the issue, or the exceptions to the allowance of an amendment of it at a subse-

quent term be sustained ?    The plea was "not guilty."    The verdict returned was that the defendant "did promise" with an assessment of damages.    The verdict was clearly erroneous in point of form ; but we fail to see how the substantial rights of the parties could possibly have been affected by the mistake.    There is no room for doubt as to the party in whose favor the jury intended to decide, nor as to the amount which they held him entitled to recover.    The form of the verdict was doubtless inadvertently furnished by the clerk and never engaged the attention of the jury.

It seems to us to belong to that class of cases in which the court may make the amendment upon the principles set forth in *Little* v. *Larrabee,* 2 Greenleaf, 37.

In *Foster* v. *Caldwell's estate,* 18 Vt. 180, the action was assumpsit on a warranty of soundness.    The verdict was "guilty," and after the panel were discharged, the court, on motion, permitted the verdict to be amended by striking out the words "is guilty" and inserting "did promise."

We see no good cause for sustaining either the motion or exceptions on account of this misprision.    It is not by any means clearly demonstrated that the amount of damages found is excessive or not warranted by the evidence.    The motion cannot be sustained on that ground.            *Motion and exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.