Patee *v*. Pelton.

## PATEE *v.* PELTON.

*Implied Warranty.* *Burden of Proof.* *Certificate of Willful and Malicious Act.*

A warranty of title is implied in a contract of exchange, the same as in a contract of sale.

In case for deceitfully exchanging property with plaintiff upon which another had a lien, it was *held* not to rest upon plaintiff to show that he had no notice of the lien at the time of exchange.

In cases proper for the adjudication that the cause of action arose from the willful and malicious act or neglect of the defendant, it is wholly within the province of the County Court, as triers of fact, to weigh and consider the facts reported -by a referee, and to draw the inference of willfulness and malice or not, according to their own judgment; and where such adjudication is made *pro forma*, and the exceptions show that it was made *upon the facts found by the referee*, the conclusive presumption is, that the willfulness and malice are found from the facts, and that the judgment was *pro forma* only as to the law arising upon the facts.

CASE. Plea, the general issue. The case was referred, and it appeared from the referee's report, that plaintiff and defendant exchanged carpets, and that at the time of the exchange, one Irish had a valid lien on the carpets that defendant let plaintiff have, of which defendant had knowledge. Defendant claimed that he notified plaintiff of Irish's lien before the exchange, but plaintiff denied it; and the referee found, that if on this point the burden of proof was on plaintiff, then plaintiff had notice, and could not recover; but if the burden was upon the defendant, as the referee decided it was, than plaintiff did not have notice, and could recover. It appeared that Irish sued plaintiff for the carpets plaintiff had of defendant, and that plaintiff vouched defendant in to defend, but that he did not come in, but was present at the trial, and that judgment was rendered against plaintiff, which he paid. The referee found that plaintiff had notice of Irish's lien before said suit was commenced, and that plaintiff ought not, therefore, to recover the expense of his defence.

The court, at the September Term, 1875, PIERPOINT, Ch. J., presiding, rendered judgment *pro forma* on the report for the

plaintiff, and adjudged, *pro forma*, that upon the facts found by the referee, the cause of action arose from the willful and malicious acts of the defendant; to all which the defendant excepted.

*Henry Ballard* and *H. N. Deavitt*, for the defendant.

Upon the question submitted in the report as to the burden of proof, the burden is upon the plaintiff. The action is case, the plaintiff alleging fraud on the part of the defendant as the basis of his cause of action. The well settled rule of law as to alleged fraud is, that it is never to be presumed, but must always be proved by the party alleging it. Kerr on Fraud, 384. The rule is the same as it is in all cases of the allegation of a wrong, illegality, criminal negligence—the presumption of law is always against bad faith, and the burden is cast upon the party who alleges it to prove it, even although it involves the proving of the negative of an issue. Hilliard Remedies for Torts, 283; *Salmon* v. *Orser*, 5 Duer, 811; *Beatty* v. *Fishell*, 100 Mass. 448. For a case analagous in principle to this, see *Delano* v. *Bartlett*, 6 Cush. 364.

The granting of a certificate was error. It should not have been granted *pro forma*—the statute will not warrant the rendering of such a judgment. A *pro-forma* judgment is one rendered without "a consideration of the facts." The effect of such a construction of the statute would be, to hold that the court could imprison as a mere matter of form. The reasons of all the decisions upon this subject are opposed to any such construction of the statute.

Again, if this court has the power to grant a certificate, the facts found in this case will not warrant it in so doing.

*Wales & Taft* and *R. H. Start*, for the plaintiff.[*]

The opinion of the court was delivered by

WHEELER, J. The seller of a commodity, if in possession of it, is always understood to undertake that it is his own. Long on Sales, Rand's ed. 201; 2 Addison on Torts, Wood's ed. 429.

---

[*] Their brief was not furnished the Reporter.

The law of exchange in this respect is the same as that of sale. Long on Sales, 1. So when the defendant, by exchange, having the carpets in his possession, sold them to the plaintiff, he impliedly warranted that he had a good title to them; and not having it—and on the facts reported he must have known of the lien, and so have known that he did not have it—by assuming that he had, knowing that the assumption was false, he fraudulently deceived the plaintiff. By showing the exchange, made under these circumstances, and the existence of the lien, and that the lien had caused him damage, the plaintiff had made out a full cause of action, without showing anything concerning his own information of the lien, and of course there was no burden of proof resting on him in respect to it. The proof of the rest of the case without that, would support a declaration upon a *warrantizando vendidit*, according to the from approved in *Goodenough* v. *Snow*, 27 Vt. 720.

In respect to the adjudication that the cause of action arose from the willful and malicious act of the defendant, &c., it is not claimed here but that this action is of the class in which such an adjudication may be legally made, but only that the facts reported do not warrant the conclusion that the cause of action did arise from such willful and malicious act, and that the County Court granted the certificate *pro forma*. But it being conceded that the action is a proper one for the adjudication, it was wholly within the province of the County Court, as triers of fact, to weigh and consider the facts reported, and draw the inference of willfulness and malice or not, according to their own judgment; and having granted the certificate, the conclusive presumption is that they found the malice from the facts, and that the judgment was *pro forma* only as to the law arising upon the finding. If the exceptions had shown the adjudication to have been without consideration of the facts, the question would have been different.

Judgment affirmed.