EDWARD REYNOLDS *v.* CHARLES ROBERTS.

*Breach of Warranty of Title. Chattel Mortgage. Estoppel. Agent. Demand. Vendor. Vendee.*
*Conditional Sale.*

1. If a conditional vendee fails to pay according to the terms of the sale, he cannot maintain an action for deceit and breach of warranty of title, although the property was encumbered with a chattel mortgage, and had been taken under the statute by the owner of the mortgage, in case the mortgagee was present and acquiesced in the sale; because if the vendee had fulfilled, the mortgagee would have been estopped from enforcing his claim.

2. When one sells personal property in his possession, actual or constructive, he sells it with an implied warranty of title; thus, when mortgaged personalty on premises occupied by both the mortgagor and mortgagee is sold by the latter, his possession is sufficient to raise an implied warranty of title.

3. The defendant owning a chattel mortgage assigned a certain interest in it to a foreign corporation. The case showed that the corporation had an "agent and representative" in this State, who was present and acquiesced in the conditional sale by the defendant to the plaintiff of the mortgaged property; *Held*, in the absence of anything to show that the agent exceeded his authority, that his acts were binding on his principal; and that it would have been estopped from foreclosing its mortgage, if the plaintiff had fulfilled his contract of purchase.

4. It may be true that if a mortgagee receives a payment after the expiration of the time limited, that he could not retake the property without a demand; but in this case the property was not taken by the defendant, but by the assignee of a certain interest in the mortgage.

CASE for deceit and breach of warranty of title in the sale of personal property. Plea, general issue. Trial by jury, June Term, 1884, VEAZEY, J., presiding. After the facts were in, the court *pro forma* ordered a verdict for the plaintiff.

It appeared that the defendant, in 1882, at Winhall,

in this State, had been engaged in the manufacture of charcoal, under a contract with the Barnum Richardson Co., a corporation existing under the laws of Connecticut; that one Tobin had a contract under the defendant for cutting and drawing wood upon the same work; that Tobin had in his possession teams, wagons, sleds, &c., used in the business, among which was the property specified in the plaintiff's declaration; that, Tobin's creditors pressing him for pay, the defendant advanced the money to pay them, and took a chattel mortgage of said property to secure him; that of this money said Barnum Richardson Co. advanced some $1,200, and the mortgage was "taken for the joint benefit of the defendant and said" company; and that, in July, 1882, "the defendant made an assignment upon the back of said mortgage of an interest in said mortgage to said Barnum Richardson Co., equal to $1,250." The exceptions stated in part: "All the property included in said mortgage remained in the hands of said Tobin until the 5th day of August, 1882, when it was thought desirable to dispose of some of the property included in said mortgage which was not needed upon said works; and to accomplish that, the said Tobin, the defendant, and one John A. McArthur, who was the agent and representative of the Barnum Richardson Co. in this State, agreed to put up said property for sale at auction; and that such of it as should be bid off, at prices satisfactory to the parties, should be sold, and the receipts therefor be credited to the said Tobin, upon the debt owed by him secured by said mortgage; and that such of the property for which no satisfactory bids were received should be bid in by some of the parties to said contract, and should come back into the hands of said Tobin and be held the same as it would have been if it had not been so put up at auction. All the property in question in this suit was so bid in and remained the same as before any auction had taken place, and was kept on the premises occupied by the defendant and by Tobin. The proceeds of all property actually sold at said auction was credited by the defendant and said Barnum Richardson Co. upon the debt secured by said mortgage. On the same day as said auction the plaintiff made a contract for the purchase of certain of the property aforesaid, and the plaintiff, the defendant, said Tobin, and said McArthur went to the office of an attorney, to have the said contract reduced to writing; and

the same was reduced to writing there in the presence, and with the concurrence, of said Tobin, McArthur, the plaintiff, and defendant."   *   *   *   *

"On the 17th day of March, 1883, the said McArthur and the defendant put the said chattel mortgage into the hands of F. D. Giddings, sheriff, and directed him to take said property and sell the same as required by the statutes in such case made and provided; and said sheriff took said property upon said chattel mortgage, advertised it for sale, and sold the same. All the property purchased by the plaintiff was taken and sold; and upon said sale there was not enough received to pay what there was due upon said chattel mortgage; and there was not enough received from the sale of the property sold to the plaintiff to pay the balance remaining due from the plaintiff upon his said purchase."

The contract between the plaintiff and defendant as to the sale of the property contained this condition:

"And all of said property is to be and remain the property of the said Charles L. Roberts or bearer, and at all times and places subject to his control until said sum is paid in full as aforesaid with use."

The plaintiff had no actual notice of the encumbrance.

*Burton & Munson* and *J. C. Baker*, for the defendant.

If the plaintiff had paid the defendant in accordance with the agreement so that the title had passed to him, Tobin and Barnum Richardson Co. would have been estopped from setting up any claim. *Miller* v. *Bingham*, 29 Vt. 89; 34 Vt. 603. The sale was really made by all the parties in interest. Under such a sale as this, payment is a condition precedent, and until made, the property is not vested in the vendee. It was the vendee's own fault that he has been dispossessed of the property.

*J. K. Batchelder* and *J. G. Martin*, for the plaintiff.

The property sold to the plaintiff was encumbered to the amount of $2,500 by a chattel mortgage. Jones Chat. Mort. 86; *Page* v. *Ordway*, 40 N. H. 253; 1 Pick. 389; *Brown* v. *Keefer*, 71 N. Y. 610. Barnum Richardson Co. had a valid

claim on it for $1,250. Jones Chat. Mort. 501; *Langdon* v. *Bull*, 9 Wend. 80; 3 Met. 515. The defendant is estopped from denying the validity of the mortgage under which this property was taken and sold. *Soper* v. *Frank*, 47 Vt. 368; *Hicks* v. *Cram*, 17 Vt. 453; 45 Vt. 137; *People* v. *Reed*, 25 N. Y. 302. The defendant is liable on an implied warranty. *Patee* v. *Pelton*, 48 Vt. 183; Ad. Torts (Wood's ed.) 429; *Ross* v. *Ferry*, 63 N. Y. 613; *Furniss* v. *Ferguson*, 15 N. Y. 440. It was a conditional sale; and the defendant, receiving payments after the debt was due, could not lawfully take the property until he had made a demand. *Taylor* v. *Finley*, 48 Vt. 78; *Brink* v. *Ins. Co.* 80 N. Y. 108; *Homer* v. *Ins. Co.* 67 N. Y. 478.

The opinion of the court was delivered by

ROYCE, Ch. J. This is an action on the case for deceit and breach of warranty of title in the sale of personal property. The property in question was sold in three parcels, to the plaintiff and to two other parties, to whose rights under the sale the plaintiff succeeded, conditionally, to be paid for in installments within a certain limited time, and to remain the property of the vendor until paid for. At the time of sale the property was encumbered to the amount of about $2,400 by a chattel mortgage duly recorded. Said mortgage was running to the defendant; but previous to the sale an interest in it to the amount of $1,250 had been assigned by the defendant to the Barnum Richardson Co.; which assignment was also recorded. The plaintiff had no actual notice of this encumbrance. After the expiration of the time within which, by the terms of the contract, payment of the full purchase price was to be made, and after the plaintiff had made partial payment, the property was seized and sold by the Barnum Richardson Co., by proceedings under the statute for the foreclosure of chattel mortgages; and the proceeds applied to the payment of their claim, the costs, and expenses of the proceeding, and the

balance paid over to certain attaching creditors of the defendant.

The sale to the plaintiff, when made, was acquiesced and participated in by the defendant, the mortgagor, Tobin, and one McArthur, who, the case shows, was "the agent and representative in this State" of the Barnum Richardson Co.; and the case further shows that said property when sold was kept on premises occupied by the defendant and said Tobin.

The law must be regarded as well settled in this State, and in the United States generally, that in the absence of any notice to the contrary, a person, who sells personal property in his possession, sells it with an implied warranty of title. *Patee* v. *Pelton*, 48 Vt. 182; Benj. Sa. s. 641, and note *i*. And it is held that the word "possession" in this connection is to receive a broad construction, so as to include constructive as well as actual possession. Thus it is held that possession by a bailee or agent or a tenant in common of the vendor, is sufficient; and that to constitute the exception, it must appear that the goods were in the adverse possession of a third person, or else that the vendor had either no interest in them, or a mere naked interest, without either actual or constructive possession. *Shattuck* v. *Green*, 104 Mass. 42.

From what appears in this case, therefore, we think the defendant must be treated as having been in possession of the property at the time of the sale in such a sense, at least, as to raise an implied warranty of title.

While the doctrine of the courts in different States is not entirely uniform as to the exact state of circumstances under which a vendee may assert the breach of an implied warranty, it may safely be said, that he must show a lawful eviction, or at least a legal right to the possession of the property in a third person. Benj. Sa. s. 627, and note *i*. The plaintiff having shown the property taken out of his hands by means of the foreclosure sale upon the Barnum

Richardson Co.'s claim under the mortgage, it is replied that had the plaintiff fulfilled the terms of his contract of purchase he could not have been dispossessed in that way; because by their participation and acquiescence in the sale to him, both the defendant and the Barnum Richardson Co. would have been estopped from setting up any claim under the mortgage against him. That the defendant and the mortgagor would have been so estopped by their acts in connection with the sale seems to admit of no question. Pom. Eq. Juris. s. 801 et seq.; Miller v. Bingham, 29 Vt. 82. Whether the Barnum Richardson Co. stand in the same position, depends simply upon the authority of McArthur to act for them in doing what the case shows he did do upon the occasion of the sale.

With regard to this, the case shows, that he was "the agent and representative of the Barnum Richardson Co. in this State," and also shows certain acts of his in relation to the sale at auction of certain of the mortgaged property, which was thus disposed of before the sale to the plaintiff, and which do not appear to have been questioned by his principals. In the absence of anything to show that Mc Arthur's authority as agent was a special or limited one, or that what was done by him was beyond the scope of his authority, we think this is enough to make his acts in this connection binding upon his principals. Had the plaintiff fulfilled the terms of his contract of purchase by paying the full amount therein stipulated to be paid, before eviction, he could not lawfully have been deprived of possession by the Barnum Richardson Co. by foreclosure of their mortgage.

It is contended, that by receiving payments from the plaintiff after the expiration of the time limited in the contract of sale, the defendant extended the time of payment, and so could not lawfully retake the property without previous demand of payment. This may be true; but it does not appear that the plaintiff's possession was disturbed

or attempted to be, by the defendant. The property was taken and sold by the Barnum Richardson Co. by virtue of their right, acquired previous to the sale to plaintiff, under the assignment to them of an interest in the mortgage by the defendant. Nothing appears by which any extension of the time of payment or other waiver of the terms of the sale to plaintiff, by the defendant, could affect their rights; nor is it shown that they knew of any such.

As the plaintiff, by fulfilling the terms of his contract, would have acquired a good title, not subject to be defeated or disturbed in the manner of which he complains, he cannot maintain this action; and the judgment of the County Court must be reversed and judgment rendered for the defendant to recover his costs.