JARED W. SHEPHERD, defendant below, *vs.* ABNER WORTHING, plaintiff below.—*IN ERROR.*

Although, *in some cases,* a promise will be inferred from the proof of fraud, in the sale of property ; yet, where the declaration is, in form, *assumpsit,* the fraud must be substantially alleged ; so that it shall appear from the declaration itself, that the gist and gravamen of the action is fraud. Otherwise, the Court will consider an express promise intended, and hold the party to proof of a contract.

The plaintiff below declared against the defendant there, in a plea of the case. For that, whereas, heretofore, to wit, on, &c. at, &c. in consideration that the said Abner, at the special instance and request of the said Jared, would buy of him the said Jared, a

Addison,
January,
1826.

Shepherd
vs.
Worthing.

certain black mare, at and for a certain price or sum of money, to wit, the sum of $80, to be therefor, paid by him the said Abner, he the said Jared, then and there faithfully promised the said Abner, that the said mare was sound; and the said Abner avers, that he, confiding in the said promise, or undertaking of the said Jared, did, afterwards, &c. buy the said mare of the said Jared, and then and there paid him for the same, the said sum of 80 dollars. Nevertheless, the said Jared, not regarding his said promise, but contriving and intending fraudulently to injure the said Abner, did not perform or regard his said promise and undertaking, so by him made as aforesaid, but thereby craftily and subtilly deceived and defrauded the said Abner, in this, to wit, that the said mare, at the time of making the said promise and undertaking by the said Jared, was not sound, but on the contrary thereof, was unsound at the time, whereby the said mare became, and was of no value to him the said Abner, and he the said Abner hath been put to great charges and expenses of his money in and about the keeping and taking care of said mare, in the whole amounting to a large sum of money, to wit, the sum of 100 dollars.

Plea, *Non Assumpsit.*

After issue joined, the plaintiff, to prove said issue, on his part offered evidence tending to prove the following facts, that on the sixteenth or seventeenth day of January, 1823, the horse in question was bargained for as stated in the declaration; that upon the conclusion of the bargain, and before the delivery of the horse, the plaintiff observed to the defendant, that he supposed the horse to be sound; that he gave a sound price, and should expect a sound horse. That the defendant replied, "the horse is sound for ought I know, but I will warrant no horse;" and also, that the horse was then, and had been for some time previous, lame in one foot, and was also slightly affected with the horse distemper. The plaintiff also offered evidence tending to show, that the defendant knew at the time, that the horse was ailing as is above mentioned. To this evidence the defendant objected; but the same was admitted by the Court.

The defendant offered evidence tending to prove that, on the delivery of the horse, it was mutually understood and agreed between the parties, that the plaintiff was to return the horse to the defendant within a limited time, if he proved to be unsound, and requested the Court to charge the jury, that if they found that part of the agreement proved, it would constitute a sufficient defence to the plaintiff's claim. But the Court charged the jury that such agreement, if proved, would constitute no defence to the plaintiff's claim, (unless they found that the defects in the horse were discovered by the plaintiff before the time for returning him had expired) if they believed the defendant, knowing the horse to be unsound, represented him sound, by which the plaintiff was deceived.

There was also evidence tending to show, that some time during the day on which the plaintiff received the horse, the plain-

*Addison,*
January,
1826.

Shepherd
*vs.*
Worthing.

tiff was informed that the horse was lame and unsound, and that he could not be cured.

A verdict passed for the plaintiff below. The foregoing opinions and charge of the Court being excepted to, a bill of exceptions was tendered and allowed; whereupon, this writ of error was brought.

*Phelps,* for the plaintiff in error. Two errors are relied on in this case.

1st. The declaration is in assumpsit upon a warranty; and the evidence objected to, and admitted by the Court went to show a fraud, and not a warranty. Evidence of fraud was not admissible, as no *scienter* was alleged. (*See Dale's Case, Cro. Eliz.* 44.—*Chandelor* vs. *Lopus, Cro. Jac.* 4.—*Bayard* vs. *Malcolm,* 1 *Johns.* 458.—*Everston* vs. *Miles,* 6. *Johns.* 138.) The allegation "subtilly deceived" is not sufficient. For,

1. It is no more than the usual form of stating a breach in assumpsit.

2. It is too general. In declaring for a deceit, the *facts* should be stated. It should have been stated, that the defendant represented the horse to be sound, knowing him to be otherwise.

3. The averment is qualified in the declaration. It is stated first, that the defendant assumed and promised that the horse was sound; and secondly, that he deceived the plaintiff "*in this,*" that the horse was unsound. This *is certainly no allegation of a deceit.*

4. The evidence was merely, that the defendant represented the horse to be sound, *so far as he knew.* Whether this be considered as a representation or a warranty, it becomes necessary, in either case, to allege and prove the defendant's knowledge of the unsoundness.

5. There is a variance between the declaration and proof. The declaration is for a warranty of soundness generally. The proof is of a representation so far *as the defendant knew.*

If the plaintiff was at liberty to go upon the ground of a false representation, still it was incumbent on him to falsify the representation *as made.* And whether he treats it as a warranty or a representation, he must still set it forth as *it was,* and negative the warranty or the representation, whichever it may be.

*Secondly.* The Court misdirected the jury on the point of returning the horse within a limited time, if he proved to be unsound.

The party who makes a warranty or representation of quality in an article sold, may protect himself by stipulating for a return, within a definite period, if the warranty or representation prove untrue. (*Buchanan* vs. *Parnshaw,* 2 *T. R.* 745.) The party who takes a warranty or purchases upon a representation of this nature, may take it subject to such a condition, and if he does so, he takes the property at his own risk, unless he discovers the unsoundness within the time limited. In other words, the warranty is at an end, when the time limited expires. In this case, the plaintiff is to be considered as having agreed

upon a period, within which he should ascertain the fact of soundness. Having limited himself to that period, he is concluded by his election, when that period expires.

*Addison*,
January,
1826.

Shepherd
*vs.*
Worthing.

*Bates, contra.* In this case, the declaration in the original action was *assumpsit* upon the warranty of a horse, in the common form.----See *Chitty's Pl.* 100.

The evidence which the plaintiff relied on to support the declaration was, in effect, that the defendant knowing the horse was unsound, fraudulently represented him sound so far as he knew. This evidence was objected to by the defendant, but was admitted by the Court.

1. Though neither the action of *assumpsit*, nor of *case*, upon a warranty, seem to have been originally framed to embrace *fraud*, yet it is not unreasonable to infer from a seller's fraudulent representations, in regard to the soundness of property, an undertaking or promise on his part, that it is sound; the object of such representations being to induce the purchaser to believe that such is the fact. And it has been long settled that such deceit or fraud is equivalent to a warranty. The admission of the testimony was therefore proper.----3. *Bl. Com.* 166.----1 *Doug.* 21, *Stuart* vs. *Willkins.*----2 *East*, 314, *Parkinson* vs. *Lee.*----1 *Chitty*, 138.

2. As to the charge of the Court.

It seems there was a contract, that if the purchaser was dissatisfied, he was to return the horse within a certain time. And the Court charged the jury, in substance, that if the purchaser was deceived at first by the false representations of the vendor, and had not discovered the defects of the horse, but was still under the influence of that deception, at the expiration of the time agreed, his not returning the horse did not release the vendor from his liability upon the fraud.

The justice of this charge is obvious. The contract by which the horse was to be returned, was, on the part of the vendor, one of the means by which he expected to shield himself, and render his fraud successful and complete. It was a *link* in the chain of that fraud.

*Chipman,* in reply. It has long been well settled, that the purchaser, in order to recover damages for the unsoundness of property purchased, must state in his declaration, and prove, a warranty, either express or implied, or fraud and deceit in the seller.

An action on a warranty is founded on a contract, and the plaintiff is entitled to recover, on proof of the contract, and a breach of it, as in all other actions on contract; and in such case, as in all other actions on contract, evidence of fraud is irrelevant.

But in an action for deceit in the sale of property, the plaintiff must state in his declaration, and prove, that the defendant knowingly and wickedly deceived him in the sale. No two actions can be more distinct in their nature, than these two, al-

*Addison*,
January,
1826.

Shepherd
*vs.*
Worthing.
though the boundaries between them have not, at all times, been kept up, and some confusion has been introduced in relation to the declaration and proof in the two cases. This arose from the ancient mode of declaring on a warranty. The declaration on a warranty was in *tort*, until, in order to join the common money counts, the action of *assumpsit* was substituted. (2 *Dane* 549, *Sec.* 15.) The first case of this kind noticed in the books is *Stuart* vs. *Wilkins, Doug.* 17.

While the action on the contract, was, in form, an action of *tort*, and while counts in trover were frequently joined, it was not unnatural, though improper and inconvenient, to permit the plaintiff to support his action by evidence of fraud, instead of proof of the contract or warranty. But when the action of *assumpsit* was substituted, and the common money counts were joined, the impropriety and inconvenience of permitting the plaintiff to abandon his declaration on the contract or warranty, and to support his action by evidence of fraud, became obvious; but we do not find that the point was ever directly decided, until the decision of the case of the *Ex'rs of Evertson* vs. *Miles,* (6 *Johns.* 138.) The declaration in that case was the same as the present, an action of *assumpsit* on a warranty, and the Court decided that evidence of fraud was irrelevant----that a breach of contract, and not fraud, was complained of.----2. *Dane,* 555, *Art.* 4, *Sec.* 2.-- *Same Vol.* 560, *Sec.* 16.

There is error, then, in the admission of evidence of fraud in support of the action, instead of evidence to prove the contract on which the plaintiff had declared. Further, there was in the case neither an express nor an implied warranty, but both were precluded by the plaintiff's evidence. And it appeared that the plaintiff, instead of a warranty, had the privilege of returning the horse within a limited time, and he kept the horse, and did not return him within the time. Such contracts are made to give the purchaser an opportunity, by keeping and using the horse, to ascertain whether he be sound, and otherwise satifactory; and such time is given, as the parties agree shall be deemed sufficient for this purpose; and by the contract the parties are concluded, and no court has a right to set aside such contract on the ground, that the time limited by the parties was not long enough. In this case, the Court not only did this, but they directed the jury to take it for granted, that the time limited by the parties was too short, unless the defendant had shown by proof, that the plaintiff had discovered the defects in the horse within the time.

Contracts of this sort have ever been favoured by courts, as having a tendency to prevent litigation; but if they be thus construed, or rather set aside, they will become a fruitful source of litigation.

The opinion of the Court was delivered by

Royce, J. The declaration below was *assumpsit*, on the promise of the defendant, that the horse sold by him to the plaintiff

*Addison,*
January,
1826.

Shepherd
*vs.*
Worthing.

was sound. On trial, the plaintiff did not prove any actual promise or warranty, but offered to prove that the defendant practiced a fraud and imposition upon him, by saying that the horse was sound for any thing he knew, when in fact he knew it to be unsound. This evidence was offered upon a supposition that, upon proof of such facts, the law would imply a promise on the part of the defendant, which would support the declaration. And to revise the decision of the county court, in admitting that evidence, is the principal design of this writ of error.

It is undoubtedly true, that in some cases, a promise will be inferred from the proof of fraud, in the sale of property; but then the fraud must be substantially alleged, so that it may appear from the declaration itself, that the gist and gravamen of the action is fraud; though in form *assumpsit*, it must appear to be substantially a *tort*. Otherwise, the Court will consider an express promise to be intended, and hold the party to proof of a contract. The usual way of setting forth the fraud, is to allege the *scienter* directly; though other averments have been considered equivalent, as that the defendant falsely and fraudulently warranted or promised, &c. Now, the present declaration has no such substantial allegation of fraud, nor any thing to mark it as a declaration for fraud, unless it is contained in the concluding part, where the breach of the promise is assigned. It is there said, "that the defendant craftily and subtilly deceived and defrauded the plaintiff in this, that the horse was not sound." These expressions, however, do not amount to a charge of positive fraud, unless fraud must necessarily result from the fact, that the horse was not sound. But the falsity of a promise or warranty, does not alone constitute fraud: it must be falsity, within the knowledge of the party. The declaration must, therefore, be construed to have set forth an express promise, and the evidence admitted, having no tendency to establish such a promise, was irrelevant, and should have been rejected.

Judgment, that there is error, &c.

S. S. *Phelps* and George *Chipman*, for the plaintiff in error.

R. B. *Bates*, for the defendant in error.