Judgement affirmed.

HUTCHINSON, J. dissented.

*Hunt & Beardsley*, for plaintiffs.
*Smith*, for defendant.

---

JOSEPH BEEMAN vs. ZADOCK BUCK.

In a declaration in *case* on a warranty of the soundness of a horse, the *scienter* need not be alleged, and, if alleged, need not be proved.

No particular form of words is necessary to constitute a warranty : and an affirmation of soundness by the vendor, if intended by him as a warranty, and is so understood by the vendee, will be considered as a warranty.

This was an action on the *case* for selling and warranting to the plaintiff a certain mare as sound, but which was unsound and diseased, and that known to the defendant at the time of the sale. The declaration was as follows :

FRANKLIN,
January,
1830.

Beeman
vs.
Buck.

"*Zadock Buck* is attached to answer unto *Joseph Beeman* of
"*Fairfax* in a plea that the said *Joseph Beeman*, on the 26th
"day of August, 1826, at *Fairfax*, aforesaid, bargained with the
"said *Zadock Buck* to buy of said *Zadock* a certain bay mare ;
"and the said *Zadock Buck*, well knowing the same bay mare to
"be unsound, and infected with certain distempers, such as the
"yellow-water, consumption, &c. by then and there warranting
"the said bay mare to be sound, and free from any distemper
"whatever, then and there deceitfully sold the said mare to the
"said *Joseph Beeman* for the sum of thirty five dollars : which
"said bay mare, at the time of the sale, was unsound, and infected
"with yellow-water and consumption ; of which disease the said
"mare died. And so the said *Zadock* falsely and fraudulently
"deceived said *Joseph*."

Plea not guilty.

At the trial in the county court, PRENTISS, J. presiding, the
plaintiff, to support the issue on his part, proved that in August,
1826, he bargained with the defendant to buy the mare mentioned
in the declaration, at such price as should be put upon her by cer-
tain men agreed upon by the parties to appraise her value ; that
the appraisers examined the mare, and one of them asked the de-
fendant what made her so poor, and if they should appraise her as
sound ? To which the defendant replied, that she had been kept in
a dry pasture, and was well, as far as he knew, and they might
appraise her as sound. Another witness proved that the defend-
ant said the mare was well, and that he directed the appraisers to
appraise her as a well mare ; that the appraisers accordingly consid-
ered the mare as sound, and appraised her at the sum of thirty five
dollars ; which sum the plaintiff paid the defendant, and the mare
was thereupon delivered to the plaintiff. The plaintiff also prov-
ed that the mare died in December, 1826, with the disease call-
ed the yellow-water ; and gave evidence tending to prove that the
disease with which the mare died was upon her at the time the
defendant sold her to him.

The defendant on his part proved that he purchased the mare
about two weeks before he sold her to the plaintiff; that he
bought her as sound, and paid the sum of thirty five dollars for
her ; and gave evidence tending to prove that before and at the
time of the sale to the plaintiff, the mare was sound, and that the
disease of which she died originated after the sale, and was pro-
duced by the hard service to which she was put by the plaintiff
and others.

The counsel for the plaintiff contended, that the evidence given showed a warranty on the part of the defendant, *that the mare was sound ;* and further, that the jury, from a consideration of the time the defendant had owned the mare, and her appearance before and at the time of the sale, ought to find that the defendant knew the mare was diseased ; and the counsel requested the court to charge the jury, that if they found the mare was unsound at the time of the sale, and that the defendant knew it, or warranted her to be sound, the plaintiff was entitled to recover.

The counsel for the defendant insisted, that unless the jury found the mare was unsound at the time of the sale, and also that the defendant knew it, and was thus guilty of a fraud, the plaintiff was not entitled to recover ;—that proof of a warranty would not support the declaration ; but if it would, there was no evidence of a warranty ; and requested the court so to charge the jury.

The court instructed the jury, That if the mare was diseased at the time of the sale, as alleged, and there was either fraud in the sale, or a warranty, the plaintiff would be entitled to recover—That to constitute fraud, it must appear the defendant, at the time of the sale, knew the mare was thus diseased, of which fact the court saw no evidence in the case ; and if the jury were of the same opinion, the plaintiff could not recover, unless they found an express warranty—That no particular form of words was necessary to constitute a warranty ; but a mere expression of judgement and opinion would not amount to a warranty ; and the jury would say whether the affirmation proved to have been made by the defendant, *that the mare was well and sound*, complied with the direction given by him to the appraisers, *to appraise her as sound*, was an expression of his belief and opinion, only, of her soundness, or was intended, and understood by the parties, and was made and received as an engagement on the part of the defendant, that the mare was sound. In the latter case, it would amount to a warranty, and the plaintiff would be entitled to recover, if the jury were of opinion, from the evidence, that the disease of which the mare died existed in her constitution at the time of the sale although it presented no decisive or unequivocal appearances until some time afterwards.

The jury returned a verdict for the plaintiff. A bill of exceptions having been allowed stating the foregoing facts, the cause on motion of the defendant's counsel, was removed to this Court ; and the question now was whether the county court erred in their directions to the jury.

FRANKLIN,
January,
1830.

Beeman
vs.
Buck.

FRANKLIN,
January.
1830.

Beeman
vc.
Buck.

*Argument for the defendant.*—It is contended on the part of the defendant, that in this action the *scienter*, or knowledge of the defendant at the time of the sale of the unsoundness of the mare, is the gist of the action, and that although the jury might find that the defendant sold the mare, and warranted her sound to the plaintiff, yet, unless they also found, that the defendant *knew* she was unsound at the time of the sale, he would not be entitled to recover in this form of action. *Farnsworth* vs. *Wright*, decided by the Supreme Court, January T. 1828, in *Franklin* County.

*Argument for the plaintiff.*—We contend that the charge of the county court was legal. The ground of the action is *deceit*, which, in regard to the defendant, may be actual or constructive;—actual, in case he knew of the unsoundness, and constructive, if he gave a warranty not knowing whether the mare was sound or not; for the consequences to the plaintiff are the same, and he is equally deceived in either case. That *case* is a proper action upon the warranty is shown by all the authorities, and that in such action, the warranty alone, without proof of the *scienter*, will entitle the party to recover, is fully established by *Williamson* vs. *Allison*, 2 *East*, 446. And we insist, that as the ground of action is *deceit*, the plaintiff must recover on proof of actual fraud without a warranty; for the warranty is only alleged as one of the means by which the deceit was effected, and does not control the operation of the other means alleged, though it is the only one from which a legal presumption of *deceit* will be made without proof of the *scienter*. The latter question does not necessarily arise in this case, since it cannot be supposed that the jury gave their verdict upon the ground of fraud *without a warranty*. There are, therefore, but two questions in the case; whether the declarations of the defendant and the mode of appraisal were proper evidence to go to the jury in proof of the warranty, and whether the warranty, without actual fraud, entitled the plaintiff to recover. Upon the first the language of the charge is a perfect exposition of the law, and the latter has already been considered.

The opinion of the Court was pronounced by

PADDOCK, J.—This form of declaring on a warranty is new in the courts of this state, but not new in principle; for prior to the case of *Stuart* vs. *Wilkins*, (*Doug.* 18,) it was the general practice to declare in *tort* on a warranty broken; and when that case was brought forward for investigation, *Lord Mansfield*, at finding

an express warranty counted upon in assumpsit, so doubted the propriety of declaring in that manner, that he took the verdict subject to the opinion of the whole court; and, perhaps, the only inducement to change the custom of declaring in *tort*, in preference to *assumpsit*, was the convenience experienced in adding thereto the mony counts; for, as the evidence necessary to support *assumpsit* is proof of the sale, warranty, and breach of it, so in *tort*, nothing more was required. *Williamson* vs. *Allison*, 2 *East*, 450. If, then, *assumpsit* and *case* be concurrent remedies, (1 *Chit.* 134,) and the same proof is sufficient to support the action in either form, the whole averment of the defendant's knowledge of the unsoundness of the mare might have been stricken out; for if the warranty be the material averment, it is sufficient to prove that broken to establish the deceit; the form of the action not varying the proof. For, says *Lord Ellenborough* in *Williamson* vs. *Allison*, " if one man lull another into security as to the goodness of a commodity, by giving him a warranty of it, it is the same thing whether or not the seller knew it at the time to be unfit for sale : the warranty is the thing which deceives the buyer who relies on it, and is thereby put off his guard. Then if the warranty be the material averment, it is sufficient to prove that broken to establish the deceit." And of this opinion were the whole court. (*See the forms in* 2 *Chit.* 276, 277.) And although the plaintiff in this case charged the *scienter*, which was not stricken out on trial, yet he was not bound to prove it, the averment of the *scienter* not being necessary to a recovery : for the rule is, *that if the whole of a statement may be stricken out, without destroying the plaintiff's right of action, it is not necessary to prove it.* 1 *Chit.* 307.

*Farnsworth* vs. *Wright*, decided in *Franklin* county, 1828, which has been cited by defendant's counsel, was not a parallel case with the present, as the declaration alleged a deceit in the sale but no warranty ; therefore, it became necessary for the plaintiff to prove the *scienter*, which it would seem he failed to do. The Court are inclined to sustain the verdict, and affirm the judgement of the county court.

Judgement affirmed.

*Royce*, *Aldis & Davis*, for plaintiff.
*Hunt & Beardsley*, for defendant.