ELI GOODENOUGH *v.* ALONZO SNOW.

### *Declaration.*

Form and sufficiency of a declaration *warrantizando vendidit.*

ACTION ON THE CASE. After a trial by jury which resulted in a verdict for the plaintiff, in the course of which exceptions were taken, which do not appear to have been relied upon in the supreme court, the defendant filed a motion in arrest, on account of the insufficiency of the declaration. The county court, March Term, 1854,—POLAND, J., presiding,—overruled the motion in arrest to which the defendant also excepted. The declaration was as follows.

" In a plea of the case for that the plaintiff on the 1st day of November, 1851, at Calais, in the county of Washington aforesaid, bargained with the defendant to exchange with him a certain bay

horse belonging to plaintiff of the value of $125, for a certain black mare belonging, to the defendant, and $18, in money, and the said defendant well knowing said mare to be unsound and unfit for use and wholly blind, by then and there warranting said mare to be sound, and right every way, and worth $150, when well broke, then and there deceitfully exchanged the said mare of the defendant and the $18, in money of the defendant, with the said plaintiff for said horse of plaintiff, which said mare at the time of said exchange was unsound and blind and wholly worthless to plaintiff. And so the said defendant falsely and fraudulently deceived the plaintiff."

*J. A. Wing* for the defendant.

*Peck & Colby* and *Merrill & Willard* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J.  The only question which has been raised in the argument of this case arises on the motion in arrest.  The action is in case, in form *ex delicto* ; in which the plaintiff complains of a fraud, deceit and false warranty in an exchange of horses with the defendant.  The principles governing the rights of parties, in cases of this character, seem to be well settled in this state by former decisions.  When, on a sale or exchange of property, false representations have been made, but no warranty, a *scienter* must be avered in the declartion and proved on the trial.  If a warranty was made, and that warranty is false, this form of action can be sustained, as well as assumpsit, and in either mode, a *scienter* need not be averred ; or if averred, need not be proved.  Doug. 18.  2 East. 451.  1 Chitty on Plea, 139.  From the case of *Vail* v. *Strong*, 10 Vt. 457, it seems now settled, that the party may so frame his declaration as to be adapted to either mode of proof.  If the declaration is in case for a false warranty, and a *scienter* is averred, the party may recover on proof of the warranty and its breach, without the proof of a *scienter* ; or if the party fails in the proof of the warranty, and can prove a *scienter*, he may recover for a deceit.  As observed by Judge Phelps in the case referred to, the declaration, in that form, has a two fold aspect ;

47

and from the case of *Weall* v. *King*, 12 East. 452, and *Beeman* v. *Buck*, 3 Vt. 53, such would now seem to be the approved mode of declaring.

In this case the declaration, as to the sufficiency of its averments has pursued the form as given and sustained in the case of *Beeman* v. *Buck*, 3 Vt. 53, and in setting forth the contract and its breach, has adopted the language as used in *Weall* v. *King*, 12 East. 452. The contract or bargain for an exchange of horses, the mutuality of that contract, the false warranty and *scienter*, are facts substantially averred in the declaration, and on general demurrer would be admitted to be true. The question is not whether those facts are formally alleged, but whether they are substantially averred though informally ; if so, the declaration will be good on general demurrer, and particularly so on a motion in arrest.

The judgment of the county court must be affirmed.