MARY EIBEL ET AL. v. AUGUSTA VON FELL ET AL.

Argued November 2, 1898—Decided February 27, 1899.

A count in a declaration charging that plaintiffs, at the request of defendants, bargained for the purchase from defendants of a lot of land with a house upon it for a certain price, and that defendants, by falsely and fraudulently representing that the house was new, sold the premises to plaintiffs at the proposed price, coupled with allegations that the house was in fact old and its timbers rotten, whereby the plaintiffs were injured, exhibits a good cause of action for deceit.

On demurrer.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON and GARRISON.

For the demurrant, *Thomas McEwan, Jr.*

*Contra, Warren Dixon.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.    The demurrer is interposed to a declaration which contains two counts.

If either count is free from objection the demurrer must be overruled. *Perdicaris* v. *Trenton, &c., Co.*, 5 *Dutcher* 367; *Beavers* v. *Trimmer*, 1 *Id.* 97; *Belton* v. *Gibbon*, 7 *Halst.* 76.

My examination of the first count of the declaration has led me to the conclusion that it exhibits a good cause of action, not, as claimed in plaintiff's brief, for a false warranty, but for deceit.

It is settled in this court that to support an action for deceit there must appear a false representation made with a fraudulent intent, producing injury to the plaintiff. If it appear that the falsity of the representation was known to defendant the fraudulent intent is deemed to be conclusively established.    If, however, the representation made by defendant, though false, was not known by him to be false, the action can only be supported by proof that it was made *malo animo* and with intent to deceive.    *Cowley* v. *Smyth*, 17 *Vroom* 380.

It follows that a good cause of action for deceit may be set out without a charge that the representation alleged to be false was known by defendant to be so, provided it is charged that the false representation was fraudulently made.    As was said in the leading case of *Pasley* v. *Freeman*, 3 *T. R.* 51, in respect to pleading in this action, "*fraudulenter* without *sciens* or *sciens* without *fraudulenter*" will be sufficient.

Tested by these rules, the first count of the declaration manifestly discloses a good cause of action.    It charges that the plaintiffs, at the request of the defendants, bargained for the purchase from defendants of a lot with a house upon it for a certain price, and that the defendants, by *falsely and fraudulently* representing that the house was new, sold the premises to plaintiffs for the proposed price, which was paid. Then follows an allegation that the house was in fact old and its timbers rotten, whereby the plaintiffs were injured. Proof that the representation charged was made; that it was

false in fact; that defendants, although ignorant of its falsity, had made it with intent to deceive and that the deception had injured plaintiffs, would justify a recovery. The liability of defendants in such case is sufficiently and properly characterized in the pleading as arising upon a representation which was false and also fraudulent.

For this reason the demurrer must be overruled.