GEORGE CALDBECK v. CHARLES SIMANTON.

Special Term at St. Johnsbury, February, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 13, 1909.

*Deceit—False Warranty—Distinction—Arrest on Mesne Process —Tort Action Founded on Contract—Declaration for Fraud—Sufficiency—Motion to Dismiss—Construction of Writ.*

No misrepresentation is fraudulent in law, unless made with knowledge of its falsity; and such knowledge cannot be presumed from the mere falsity of the representation.

The ordinary warranty in a contract of sale relates to the condition of the property when sold; is made to induce the purchase; is

broken when made, if broken at all; and is a mere contract ob-
ligation, unless made deceitfully with knowledge of its falsity, in
which event it may be also a tort.

A declaration which alleges that plaintiff bargained with defendant
for the purchase of a diamond, which defendant sold him for a
certain price by "falsely and fraudulently warranting" it to be a
perfect stone, when in fact it was defective, and that defendant
thereby "falsely and fraudulently deceived him," but did not al-
lege that defendant knew that the representation was false, though
tort in form, is founded on a contract within the meaning of P. S.
2081, prohibiting, except as therein specified, the arrest or im-
prisonment of a' resident of the United States "on mesne process
issuing on a contract express or implied," and service by arrest
was unauthorized. *Elwell* v. *Martin*, 32 Vt. 217, distinguished.

There is no plainer distinction than that between breach of warranty
and deceit; and the law no more implies deceit from a breach of
warranty than it does from a breach of covenant for title or from
the nonperformance of a contract of suretyship.

Where defendant was arrested on a writ issued as a capias and which
set him up as of a specified town in a stated county of this State,
it sufficiently appeared that he was a resident of the United States
for the purpose of his motion to dismiss the case on the ground
that the action was founded on a contract.

CASE for false warranty. Plea, the general issue. Trial by
jury at the June Term, 1907, Caledonia County, *Miles*, J., pre-
siding. Verdict and judgment for the plaintiff. The defendant
excepted. During the trial, before the plaintiff rested, and again
at the close of all the evidence, the defendant moved to dismiss
the case because the action is founded on contract, and the writ
was issued as a capias and the defendant's body arrested thereon.
The motion was overruled, and the defendant excepted.

*Howe & Hovey* for the defendant.

Defendant's motion to dismiss should have been granted.
The declaration has no *scienter* thereby showing that the action
is founded upon contract within the meaning of P. S. 2081.
Owing to the history of our procedure, as revealed by the cases
cited below, assumpsit and case have become concurrent remedies
for the breach of a mere express warranty in the sale of goods;

but the tort form of the action given for mere breach of the warranty does not make the *cause of action* a tort; that is still the mere breach of the contract of warranty. *Stuart* v. *Wilkins,* 1 Doug. 17; *Williamson* v. *Allison,* 2 East. 446; *Springwell* v. *Allen,* Aleyn 91; *Paget* v. *Wilkinson,* Tr. 8 W. 3 Guildhall; *Dennison* v. *Ralphsòn,* 1 Ventr. 336; *Weall* v. *King,* 12 East. 452; *Wright* v. *Geer,* 6 Vt. 151; *Beeman* v. *Buck,* 3 Vt. 53; *Vail* v. *Strong,* 10 Vt. 457; *Cunningham* v. *Kimball,* 7 Mass. 65; *Barney* v. *Dewey,* 13 Johns. 224; *Corwin* v. *Davison,* 9 Cowen 22; *Goodenough* v. *Snow,* 27 Vt. 720; *Pinney* v. *Andrus,* 41 Vt. 631; *Howard* v. *McKee,* 82 Pa. St. 409; *Staines* v. *Shore,* 4 Harris 200; *Groff* v. *Groff,* 14 S. & R. 184; *Clark* v. *Partridge,* 2 Barr. 13; *Bokes* v. *Walker,* 2 Harris 139; *McCauley* v. *Salmon,* 14 Phila. 131; *Re Stevenson,* 32 Mich. 60; *Sedgebeer* v. *Moore,* Brightly Pa. 197; *Jennings* v. *Randall,* 8 Term. Rep. 335; *Green* v. *Greenbank,* 4 Eng. Com. Law Rep. 375; *Campbell* v. *Stakes,* 2 Wend. 137.

As the process in this case was issued and served as a capias it was void. The court had no jurisdiction of the process; and jurisdiction of the process was essential to obtain jurisdiction of the parties and the subject-matter. *Pike Bros.* v. *McMullen,* 66 Vt. 121; *Aiken* v. *Richardson,* 15 Vt. 500; *Muzzy* v. *Howard,* 42 Vt. 23; *French* v. *Holt,* 57 Vt. 187; *Adams* v. *Whitcomb,* 46 Vt. 708; *Hill* v. *Whitney,* 16 Vt. 461; *Ferris* v. *Ferris,* 25 Vt. 100.

*David E. Porter,* and *Simonds & Searles* for the plaintiff.

This is a tort action for a false warranty and needs no *scienter. Dean* v. *Cass,* 73 Vt. 314; *Beeman* v. *Buck,* 3 Vt. 51; *Carr* v. *Hill,* 36 Vt. 335; *Kinerson* v. *Bacon,* 41 Vt. 573; *Carter* v. *Glass,* 44 Mich. 154; *Schuchardt* v. *Allen,* 1 Wall. 359.

The phrase "Action upon a contract" as used in our statutes does not refer to the origin of the claim upon which the action is brought, but to the form of the action. *Cogswell* v. *Baldwin,* 15 Vt. 405; *Elwell* v. *Martin,* 32 Vt. 217; *Humiston* v. *Smith,* 22 Conn. 19. A count in contract can never be joined with any count in tort. 23 Cyc. of Law and Procedure, p. 392, where a number of citations are given. Yet a count for false warranty may be joined with other counts in tort. *Shippen*

v. *Bowen,* 122 U. S. 576; *Morehouse* v. *Northrop,* 33 Conn. 380; *Lassiter* v. *Ward,* 33 N. C. 443.

The fact that plaintiff might have waived the tort and sued in assumpsit does not make the issuance of the writ as a capias void, where the action brought is in tort. The form of the action determines all incidents in connection therewith. *Cotton* v. *Sharpstein,* 14 Wis. 226; *Suydam* v. *Smith,* 7 Hill 182; *Armstrong* v. *Ayers,* 19 Conn. 540; *Hopper* v. *Williams,* 2 Clark 448; *Emerson* v. *Dow,* 11 Wkly. Notes Cas. 270; *Russell* v. *Phelps,* 73 Vt. 390; *Barnes* v. *Tenney,* 52 Vt. 558.

When all the other essential allegations have been made the phrase "falsely and fraudulently" imports a knowledge and sufficiently avers *scienter.* *Shepard* v. *Worthing,* 1 Aik. 189; *State* v. *Smith,* 63 Vt. 201; *Mixer* v. *Herrick,* 78 Vt. 349; 20 Cyc. of Law and Procedure, 100; *Pryar* v. *McNairy,* 1 Stew. 150; *Thomas* v. *Beebe,* 24 N. Y. Court of App. 246; *Eibel* v. *Von Fel,* 64 N. J. L. 370; *Steip* v. *Segune,* 66 N. J. L. 370; *Forsythe* v. *Vehmeyer,* 176 Ill. 359; *Pursely* v. *Wikle,* 19 N. E. Rep. 478; *West* v. *Wright,* 98 Ind. 335.

MUNSON, J. The plaintiff declares in substance that he bargained with the defendant for the purchase of a diamond, and that the defendant sold him the diamond for a certain price by "falsely and fraudulently warranting" it to be a perfect stone, when in fact it was not a perfect stone, but defective in certain respects stated; and that the defendant thereby "falsely and fraudulently deceived him." The service was by arrest, and the case stands on a motion to dismiss. The defendant argues that no *scienter* is alleged, that the declaration is in case for a breach of warranty, that there could be no recovery without proving the warranty, and that this conclusively determines that the action is founded on contract. No point is made distinguishing between the counts.

In 2 Chitty's Pleading, 279, there is a form for declaring in assumpsit on a warranty, and at page 679 there is one for declaring in tort on a warranty. The latter form is the one used here. The two forms were joined in one declaration in *Dean* v. *Cass,* 73 Vt. 314, 50 Atl. 1085, and the second was held to be in tort and improperly joined with the first. So the declaration before us may be classed, without special examination, as in form a declaration in tort. In pursuing the inquiry further,

it will be well to have in mind the nature of a warranty, and the history and characteristics of the remedies permitted for a breach of it.

The ordinary warranty relates to the condition of the property at the time of the sale. Such a warranty, if broken at all, is broken when made. The breach consists in the fact that the property is not as it is stated to be. The warranty may be made merely as an assumption of a contract obligation, or it may be deceitfully made with a knowledge of its falsity. In either case it is made to induce the purchase.

Personal actions are either for breaches of contract, or for wrongs unconnected with contract; assumpsit being in the first class, and case in the second. Chitty 97. The original action on the case, permitted in suits for which the established forms were not adapted, was not similar to the present action of assumpsit, but resembled rather the present form of a declaration in case for a tort. Chitty 99. It was at first difficult to distinguish assumpsit from case; and the early decisions in actions on warranties were made before the boundary between the two remedies was well defined. Note to *Chandelor* v. *Lopus,* 1 Smith Lead. Cas. 178. The practice of declaring in tort for warranty broken originated in this early period; and the remedy then adopted continued in almost exclusive use until the middle of the eighteenth century. As late as 1778, Lord Mansfield considered an action of assumpsit for a breach of warranty so peculiar that he reserved the question of its sufficiency; and this method of declaring was then authoritatively sanctioned. *Stuart* v. *Wilkins,* 1 Doug. 17. Since then assumpsit and case have been recognized as concurrent remedies for breach of warranty. *Williamson* v. *Allison,* 2 East. 446; *Beeman* v. *Buck,* 3 Vt. 53; .19 Enc. Pl. & Pr. 82 and cases cited.

Closely connected with the subject of warranty is that of deceit by fraudulent representations. The two grounds of liability are entirely distinct, but both may be developed by one affirmation. The evidence may make the affirmation either a deceit or a warranty or both. The allegations of a declaration charging deceit by means of a false warranty, and of one charging a deceit independent of warranty, are in other respects substantially the same, as is indicated by the first counts of the forms in 2 Chitty 687, 688. If the allegation of knowledge in a declaration following the first count of the first of these forms

be treated as surplusage, the case becomes an action of tort for a breach of warranty. This treatment of a declaration so framed was sanctioned in *Williamson* v. *Allison*, before cited, and that case has since been generally followed.

The recognition of assumpsit and case as concurrent remedies for breach of warranty, and the decision in *Williamson* v. *Allison* regarding the *scienter,* have led to the adoption of forms confessedly designed to enable the plaintiff to recover for a breach of warranty or for deceit, as the case might develop. A short declaration, framed in this double aspect, was used in *Beeman* v. *Buck,* 3 Vt. 53, 21 Am. Dec. 571; *Vail* v. *Strong,* 10 Vt. 457; *West* v. *Emery,* 17 Vt. 583, 44 Am. Dec. 356; *Goodenough* v. *Snow,* 27 Vt. 720; and *Pinney* v. *Andrus,* 41 Vt. 631. This declaration, given in full in the case first cited, avers that the defendant deceitfully sold the property by warranting it to be as described, "well knowing" it to be otherwise. The first count of the form in 2 Chitty 687, before referred to, is a more formal declaration of the same character. This form was followed in *Harlow* v. *Green,* 34 Vt. 379, and was apparently the basis of the declaration in *Whitton* v. *Goddard,* 36 Vt. 730. The direct allegation of knowledge contained in the phrase "well knowing" or its equivalent, is ordinarily employed in declarations which claim a recovery on the ground of deceit, and its absence from the declaration used here is the basis of the defendant's claim.

The plaintiff claims that a sufficient averment of knowledge is contained in the form used. The inclusion of this form under the general marginal heading of "deceit" is of little consequence, especially in view of the early history of the subject. It is not probable that Mr. Chitty considered the allegations sufficient to show knowledge, for in subsequent forms for deceitfully selling property by falsely and fraudulently warranting it the usual *scienter* is employed. The concluding averment that the defendant thereby falsely and fraudulently deceived the plaintiff cannot enlarge the effect of the matters previously alleged. If the declaration contains a "*scienter*" it must be—where the plaintiff claims it to be—in the allegation that the defendant "falsely and fraudulently warranted" the property. Words similar to those contained in this declaration are found in the form at page 279, which is unquestionably a declaration in assumpsit. It is there alleged that the defendant "contriving and fraudulently intending to injure the said plaintiff, did not per-

form or regard his said promise and undertaking, * * but thereby craftily and subtly deceived and defrauded the said plaintiff in this," that the property was not as warranted. But it will be noticed that the words in the two forms are used in different connections. In the assumpsit declaration, the words quoted are applied to the breach of the defendant's promise, and not to the promise itself. In the declaration in tort, the words "falsely and fraudulently" are applied directly to the act of warranting. This difference, however, is minimized by the fact that the undertaking is broken when assumed, so that in the first form the fraudulent intent is really laid at the time of the sale.

The assumpsit form was considered in *Shepherd* v. *Worthing*, 1 Aik. 188, and was held to contain no substantial allegation of fraud; but it was suggested that an averment that the defendant falsely and fraudulently warranted the property might be equivalent to the required *scienter*. In *State* v. *Smith*, 63 Vt. 201, 22 Atl. 604, the court examined an indictment for perjury in which the usual words "as he then and there well knew" were omitted, and it was held that the averment that the respondent testified to the matter "wilfully and corruptly" sufficiently alleged that the statement was false to his knowledge. The averment that the defendant "falsely and fraudulently" warranted the property, given its natural construction, might seem to import more than a warranty false in fact. It may be urged with some force that "fraudulently" characterizes the defendant's act, and implies a knowledge of the falsity of his statement. But the construction long given to the form, in connection with the construction of other forms pertaining to the same subject, is not to be ignored in passing upon the question.

The case of *Eibel* v. *Von Fell*, 64 N. J. L. 370, 42 Atl. 754, should be considered in this connection. There the declaration alleged that the defendants sold certain premises to the plaintiff by "falsely and fraudulently representing" that the house was new when in fact it was old. The court held that this disclosed a cause of action, not for false warranty as was claimed by the plaintiff, but for deceit, and said: "A good cause of action for deceit may be set out without a charge that the representation alleged to be false was known by defendant to be so, provided it is charged that the false representation was fraudulently made." It will be noticed that in the second of the two forms for charging deceit before referred to, 2 Chitty 688, the first count contains

an allegation that the defendant knew that the representation was false, while the second count does not contain this, but stands on the allegation that the defendant "contriving and intending to deceive and defraud the said plaintiff in that behalf, then and there falsely and deceitfully pretended to the said plaintiff," etc. It would seem from these authorities that the words "falsely and fraudulently" as applied to a "pretence" or even to a "representation," are given an effect to which they are not entitled when applied to a warranty.

But the precise question has been adjudged in this State, although without special consideration. In *Foster* v. *Caldwell's Est.*, 18 Vt. 176, the declaration alleged in substance that the deceased sold the plaintiff a number of sheep by falsely and fraudulently warranting them to be sound when in fact they were diseased, and that the deceased deceived the plaintiff in the sale; but there was no allegation that the deceased knew the sheep were unsound. The verdict taken was in tort, and the court allowed it to be amended, after the panel was dismissed, by striking out the words "is guilty" and inserting the words "did assume and promise." In sustaining this action it was said: "There is no allegation of a *scienter* in the declaration, and consequently there can be no recovery * * for a deceit, notwithstanding the declaration is, in form, in case for a false warranty."

But the plaintiff contends further that no *scienter* is necessary, that the declaration is in tort, and that the question whether the process issues on a contract is to be determined, not by the origin of the claim, but by the form of the action. We have seen that the declaration is tort in form, and incapable of being joined with assumpsit. But it may nevertheless be process issuing on a contract within the meaning of the statutory provision. The plaintiff's argument to the contrary is based largely upon what was said by the courts soon after the recognition of assumpsit as a proper remedy placed them in the position of sustaining assumpsit and case as concurrent remedies for the breach of a purely contract obligation. It was said by Lord Ellenborough in *Williamson* v. *Allison*, 2 East 446, that the warranty is the thing which deceives the buyer who relies on it, and that it is sufficient to prove the warranty broken to establish the deceit. It has sometimes been said, in following this authority, that the law implies deceit from the breach of the warranty. This view is clearly untenable,—even when the un-

dertaking of warranty is treated as a representation. "No misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity, or under such circumstances that the law must necessarily impute such knowledge to the party at the time when he makes it." 2 Pom. Eq. Jur. §884. The law raises no presumption of knowledge of falsity from the mere fact that the representation was false. *Southern Development Co.* v. *Silva,* 125 U. S. 247, 8 Sup. Ct. 881, 31 Law Ed. 678.

The phraseology of our standard forms reflects the indefiniteness of distinction which prevailed in the formative period of the common law, and this is true to some extent of the language of commentators comparatively modern. Blackstone, writing about 1758, after speaking of the beating of another and the taking of another's goods as trespasses, proceeds: "So also, nonperformance of promises or undertakings is a trespass, upon which an action of trespass on the case in assumpsit is grounded." The subject may be briefly reviewed and further elucidated in the words of the note to *Chandelor* v. *Lopus,* 2 Smith's Lead. Cas. 187, Am. ed. 1847, where it is said in connection with a consideration of *Williamson* v. *Allison* and kindred cases: "Originally actions upon breaches of warranty, as well as of all other promises, were substantially, as well as nominally, actions on the case, which went upon the ground of deceit, and set forth the undertaking of the defendant, and the consideration by which it was supported, for the purpose of establishing a fraud on his part, and a consequent legal injury to the plaintiff. But in modern times the distinction between assumpsit and case has become as well established as that between trespass and covenant, and it is not easy to see why it should be disregarded in the single instance of actions such as those we have just been considering." It may also be said that there is no plainer distinction in the law than that between breach of warranty and deceit; and the law no more implies deceit from a breach of warranty than it does from a breach of covenant for title or from the nonperformance of a contract of suretyship.

The difference between assumpsit and case as remedies for wrongs of this character was comparatively of little importance when our earliest cases upon the subject were decided. The subsequent abolishment of imprisonment for debt has introduced an element which cannot be ignored in reviewing the subject at this

date. It is not necessary to consider further the construction, technicalities and classification of the different forms employed, nor to anticipate the questions of practice that may arise in connection with their use. It is enough to say that if a plaintiff wishes to proceed by arrest he must allege a case that entitles him to arrest. That right cannot be given by mere form or classification. The test must be the nature of the action as determined by its substance. It is said in *Beeman* v. *Buck*, 3 Vt. 53, 21 Am. Dec. 571, that assumpsit is supported by proof of the sale, a warranty, and the breach of it, and that nothing more is required in tort. If the declaration in tort requires the same and only the same proof as the one in assumpsit, it is manifestly a declaration in tort only in name. The declaration before us is so framed that nothing more is required. It discloses a warranty false in fact, but not false to the knowledge of the warrantor. If the plaintiff recovers upon this declaration it will be solely by force of the contract. Proof of fraud was not pertinent to the issue presented.

Commencement by trustee process is authorized, and arrest or imprisonment is prohibited, in actions founded on contract. It is held in regard to trustee process that the form of the action governs, *Elwell* v. *Martin*, 32 Vt. 217,—and it is argued that this holding is decisive here. It is true that we have substantially the same expression in both statutes, but it is used with reference to different subjects, and the nature of those subjects may justify, and even require, different constructions. It is the general scheme of our law that a man's property shall be held for the satisfaction of all his obligations, but that his body shall be held only for the satisfaction of obligations of a certain class. The trustee process is a method provided for reaching property held in certain forms, and whatever the scope given it by construction, its operation will be in line with the general purpose of the law. The right of arrest pertains only to a limited class of obligations, and the right to exercise it in a given case must be determined by the line which separates that class from others. Any test or construction which carries the right beyond that line will be at variance with both the purpose and the letter of the law.

It is said that it does not appear that the defendant is a resident of any of the United States and so within the exemption. But the writ sets up the defendant as of St. Johnsbury in the

County of Caledonia, and this is a sufficient determination of residence for the purposes of defendant's motion.

*Judgment reversed, motion to dismiss sustained, and writ dismissed.*	~~for A.~~