ABRAHAM NEWMAN *v.* SAMUEL R. KENDALL.

January Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed May 5, 1931.

*Novak, Bloomer & Spero* for the defendant.

*Jones & Jones* for the plaintiff.

THOMPSON, J. This is an action of tort for fraud in the exchange of real estate. There was trial by jury and a verdict for the plaintiff. The defendant excepted.

The parties exchanged properties, and in the exchange the plaintiff received from the defendant a pasture and timber lot at the price of $5,000. About one hundred and fifty acres of

the lot was pasture and about one hundred acres was timber land.

The plaintiff's evidence tended to show that, as an inducement to him to take the lot at $5,000, the defendant represented and guaranteed to him that there were 400,000 feet of old growth merchantable timber, and an axe had never been put in it; that, in fact, there were less than 200,000 feet of timber on the lot; that it was mostly second growth; that the lot had been cut over about eighteen years before while the defendant owned it; and that the defendant knew that said representations were false or had knowledge of such facts that he was charged with knowledge of their falsity.

The defendant's evidence tended to show that he told the plaintiff that he thought there were 400,000 feet of old growth merchantable timber on the lot; that that was his best judgment and estimate; that he simply gave his honest opinion of the amount of timber on the lot, and did not make the statement as one of fact. His evidence further tended to show that there were about 400,000 feet of timber on the lot.

■ ■ The court instructed the jury correctly as to the elements of actionable fraud, and later charged them as follows: "If you find that the defendant represented as a fact and guaranteed that there were 400,000 feet of merchantable timber, even though you do not find he intentionally deceived the plaintiff, and that he honestly believed there were in fact 400,000 feet of merchantable timber, while in fact there were not 400,000 feet of timber, still if that statement of amount, however honestly made by the defendant, deceived the plaintiff and induced him to enter into the contract, he is entitled to recover damages sustained by him because of the statement of the defendant as to the amount of timber. In other words, an actual fraudulent intent need not be shown on the part of the defendant. If he honestly believed there were 400,000 feet of merchantable timber, when in fact no such amount was there, and the plaintiff believed and relied on that guarantee and was damaged, he is entitled to recover (in) this action." The defendant excepted to this instruction, and called the court's attention to its particular fault.

It is well settled that no misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity or under such circumstances that the law must necessarily impute

424

such knowledge to the party at the time when he makes it. And the law raises no presumption of knowledge of falsity from the mere fact that the representation was false. *Caldbeck* v. *Simanton,* 82 Vt. 69, 77, 71 Atl. 881, 20 L. R. A. (N. S.) 844; *Arnold* v. *Somers,* 92 Vt. 512, 526, 105 Atl. 260; *Hunt* v. *Lewis,* 87 Vt. 528, 90 Atl. 578, Ann. Cas. 1916C, 170; *Crampton* v. *Lamonda,* 95 Vt. 160, 114 Atl. 42.

It is apparent that in its charge the court did not distinguish between a false warranty and a false representation. While they are not the same thing, both may be developed from the same affirmation. A false warranty, innocently made, though it may deceive, is a mere breach of contract. The same affirmation, if made with actual or imputed knowledge of its falsity and with intent that it be accepted and relied upon as an assertion of fact, and is so accepted and relied upon, though in form a warranty, is a false representation, and makes the basis for an action of deceit. *Caldbeck* v. *Simanton, supra; Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148; *Niles* v. *Danforth,* 97 Vt. 88, 96, 122 Atl. 498. The error in this part of the charge is that it permitted the jury to award damages for a breach of warranty in an action of tort.

The plaintiff urges that this error in the charge was rendered harmless by the charge on exemplary damages. On this aspect of the case the court instructed the jury, in part, as follows: "Now if you find from the evidence that the defendant wilfully, intentionally, purposed to deceive and defraud the plaintiff, and in fact did wilfully, intentionally, and purposely deceive him regarding this timber, then exemplary damages for such wilful fraud may be allowed."

The jury returned a verdict for the plaintiff for $2,532.50. The plaintiff says that the jury must have awarded exemplary damages to arrive at this verdict; that if they found exemplary damages, they found that the defendant wilfully and intentionally purposed to deceive and defraud the plaintiff regarding the timber; and therefore the instruction that a fraudulent intent on the part of the defendant need not be shown was rendered harmless.

We think, however, that the instructions as to exemplary damages did not cure the error in the part of the charge excepted to. Exemplary damages could be awarded only in the event that the liability of the defendant for compensatory dam-

ages was established. The defendant was entitled to a correct charge as to the facts the plaintiff must prove to establish that liability. The error in the part of the charge referred to was not corrected by other instructions, but was repeated. The court, in summarizing and just before it gave the instructions as to exemplary damages, told the jury that the essential facts the plaintiff must prove to entitle him to a verdict were that the defendant represented as a fact to him that there were 400,000 feet of merchantable timber; that such representation was in part false; that he was deceived by such representation and acted on it to his damage; that if the plaintiff established by the measure of proof explained to them that he was deceived and damaged by the defendant's representation as a fact, the verdict should be for him. In no part of the charge did the court, when applying the law to the facts of the case, tell the jury that, if the representations relied upon were made and were false, the plaintiff, in order to recover, must prove that the defendant knew they were false when he made them, or that he made them under such circumstances that the law would impute knowledge of their falsity to him.

There was no error in the court's refusal to charge as requested by the defendant, that, if the jury found that the negotiations ultimately terminated in the statement in the deed, "It is estimated that one hundred acres, more or less, of said land is timber land," their verdict should be for the defendant. It appears from an examination of the record that the evidence would not warrant a finding that the negotiations between the parties ultimately terminated in the statement in the deed.

The defendant excepted to the court's failure to charge as requested in the first and seventh requests. The substance of these requests is that a false representation is not actionable unless made with knowledge of its falsity. The requests were properly denied, as they ignored false representations made as of one's own knowledge without in fact knowing them to be true. *Arnold* v. *Somers, supra,* 92 Vt., page 526, 105 Atl. 260.

The defendant also excepted to the failure of the court to charge as requested in certain other specified requests. It appears from an examination of the charge that the court charged in substantial compliance with these requests.

The defendant has briefed certain exceptions to the admission of evidence. It is not necessary to consider them as it is not probable that the same questions will arise on a new trial; nor is it necessary to consider the motion to set the verdict aside.

*Judgment reversed, and cause remanded.*

NOTE. MR. JUSTICE WILLCOX sat at the hearing of this case, but took no part in the disposition of it.