### Lawrence Allard v. Ford Motor Credit Company and Green Mountain Lincoln-Mercury

[422 A.2d 940]

No. 207-78

Present: **Daley, Larrow, Billings and Hill, JJ., and Smith, J. (Ret.),** Specially Assigned

Opinion Filed November 5, 1980

*Agel, Carroll & Sussman,* Burlington, for Plaintiff.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Ford Motor Credit Company.

*Villa & Heilmann,* Burlington, for Green Mountain Lincoln-Mercury.

**Larrow, J.** Plaintiff recovered judgment below for actual and exemplary damages against both defendants, who have appealed. He alleged conversion of his automobile, repossessed by defendant Ford Motor Credit Company (Ford) for nonpayment under its financing agreement. After repossession and under its repurchase agreement, the automobile was transferred to the selling dealer, defendant Green Mountain Lincoln-Mercury (Green Mountain). Green Mountain sold the vehicle at private sale on November 4, 1975, a date claimed to be one day early, and later that day plaintiff tendered to Green Mountain the amount due. The trial court found that the sale occurred a day early, as plaintiff claimed, and was a wilful act of conversion on the part of each defendant. Judgment was entered against them jointly for ordinary damages in the amount of $1,900.00, the value of the vehicle at time of conversion with allowance in lieu of interest, plus exemplary damages of $1,000.00. The fair market value of the vehicle at time of conversion was found to be the same as the amount

due from the plaintiff so that in effect he was without equity therein.

■ Prescinding for the moment from questions of liability raised by each defendant, it is apparent that the damage award cannot stand as entered. Where a conditional vendor of property repossesses it and sells it other than in accordance with the statute, the measure of damage to the conditional vendee is the value of the property at time of taking less the amount then remaining due on the contract of sale. *Stetson* v. *Davidson,* 119 Vt. 409, 126 A.2d 921 (1956); *Clark* v. *Clement,* 75 Vt. 417, 420, 56 A. 94 (1903). Under the unchallenged findings here, these amounts cancel each other out, and plaintiff has suffered no actual damages. And punitive, or exemplary, damages may be awarded only where the liability of the defendant for actual damages is established. *Sexton* v. *Neun,* 131 Vt. 372, 380, 306 A.2d 113, 118 (1973); *Newman* v. *Kendall,* 103 Vt. 421, 154 A. 662 (1931). Given actual damages, the standards of recovery followed by the trial court might well be appropriate, assuming liability. But in the absence of actual damages, plaintiff's recovery must be limited to the minimum specified in 9A V.S.A. § 9—507(1) for illegal disposition of consumer goods held as collateral. This minimum is established at "an amount not less than the credit service charge plus ten per cent of the principal amount of the debt or the time price differential plus ten per cent of the cash price." And, since this is a minimum established in lieu of actual damages, it would follow that exemplary damages could not be awarded as an additional judgment component.

So holding does not, however, lay to rest all the questions posed by this appeal. Both Ford and Green Mountain dispute that they are liable in any amount on somewhat different grounds.

■ At least for the purposes of this appeal, Ford admits that the notice of sale given by it to the plaintiff gave him the day of November 4, 1975, to redeem the collateral. The sufficiency of the notice is hereinafter treated in connection with the liability of Green Mountain. But Ford urges that it is not liable for the premature sale of the collateral because it did not cause or make the sale, that having been done solely by

Green Mountain on and for its own account, under the applicable statute. We agree.

The original installment contract involved here was assigned to Ford by Green Mountain with recourse, as is customary. Upon default and repossession by Ford, the collateral was redelivered to Green Mountain with demand for payment by it to Ford. Delivery was acknowledged "pursuant to an obligation to repurchase the same under the terms of the assignment of the related retail installment contract by trustee (Green Mountain) to entruster (Ford)." Green Mountain was also advised by letter that the balance could be paid by the purchaser by November 4, 1975. It nevertheless sold the car on that date.

There is no claim here that the repossession itself was unlawful. Only the disposition of the vehicle after repossession is questioned. And, under the express provisions of the applicable statute, that disposition was not the act of Ford. It was the right and duty of Green Mountain, and the transfer of the collateral by Ford to Green Mountain was not, under the statute, any "disposition" of the collateral. The statute in question is 9A V.S.A. § 9—504(5):

> (5) A person who is liable to a secured party under a guaranty, indorsement, repurchase agreement or the like and who receives a transfer of collateral from the secured party or is subrogated to his rights has thereafter the rights and duties of the secured party. Such a transfer of collateral is not a sale or disposition of the collateral under this article.

Although the question is one of first impression in this jurisdiction, the wording of the statute seems quite plain. The dereliction, if any, was that of Green Mountain, not of Ford, and so is the liability. *Community Management Association of Colorado Springs, Inc.* v. *Tousley*, 32 Colo. App. 33, 505 P.2d 1314 (1973); *Reeves* v. *Associates Financial Services Co.*, 197 Neb. 107, 247 N.W.2d 434 (1976). The judgment must be reversed as to Ford, and judgment rendered here in its favor.

With respect to the liability of Green Mountain, the conclusion is not so clearly mandated. The trial court seems to have based its determination of this liability upon (1) a defective notice to the plaintiff, given by Ford, as to his redemp-

tion date, and (2) failure to conduct the sale in a commercially reasonable manner.

Ford's written notice to the plaintiff stated that the car would be sold at a private sale "at any time after 10 days from the date shown above (October 21, 1975), unless redeemed by you prior to that date." He was orally advised that this meant he had 10 full "working" days, with Saturdays and Sundays not being counted. He was not advised of the custom of both Ford and Green Mountain to include the day of repossession as the first day. The trial court correctly ruled, under 1 V.S.A. § 138, that the day of repossession was not properly included, absent the communication of this "custom." But, having so ruled, it held the notice further defective for failure to specify the exact day for expiration of the redemption period. We do not perceive the mandate of the statute to be so exacting. Found in 9A V.S.A. § 9—504(3), the requirement is for reasonable notice of the time and place of any *public* sale, or "reasonable notification of the time *after which* any private sale or other intended disposition is to be made." (Emphasis added.) The specificity required for private sale is thus less than that required for public sale. We are pointed to no case which we find to hold the naming of a specific date, as such, to be requisite. Specification of a period of time after which a private sale may be held seems sufficient. E.g., *Motor Contract Co.* v. *Sawyer*, 123 Ga. App. 207, 180 S.E.2d 282 (1971). The wrongful act of Green Mountain was not reliance upon a defective notice, but in failure to abide by the notice as given, properly interpreted. Its failure to do so becomes all the more inexplicable in light of the express letter of advice given it by its assignor, Ford. The judgment against it on the issue of liability must be sustained, subject only to reassessment of damages by the trial court under the provisions of 9A V.S.A. § 9—507(1), as above discussed.

*The judgment against Ford Motor Credit Company is reversed, and judgment entered in its favor, with costs in both courts. The judgment against Green Mountain Lincoln-Mercury is affirmed as to liability, reversed as to damages, and remanded for computation of damages under 9A V.S.A. § 9—507(1). Costs in this Court to Green Mountain Lincoln-Mercury against the plaintiff.*